157 So.2d 148 (1963)
THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., A MARYLAND CORPORATION, APPELLANT
v.
THE FEDERAL DETECTIVE AGENCY, INC., A GEORGIA CORPORATION, AND W.E. SHARP, APPELLEES.
THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., A MARYLAND CORPORATION, APPELLANT,
v.
DEWEY VARNER, APPELLEE.
Nos. 62-737, 62-738.
District Court of Appeal of Florida, Third District.
October 29, 1963.
Rehearing Denied November 21, 1963.
Dean, Adams & Fischer, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for Federal Detective Agency, Inc., and W.E. Sharp.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for Dewey Varner.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
BARKDULL, Chief Judge.
The cases under review herein arose out of a malicious prosecution action based on the following facts. In late November, 1960, someone whose identity is unknown, cashed a check in the amount of $94.51 at the A & P Supermarket No. 200, in Dade County, Florida. No one at the store was able to identify the person cashing the check. After the check had been dishonored, officials of the store turned the check over to one W.E. Sharp of The Federal Detective Agency, Inc., to recover the proceeds of the check for the company. When the check was turned over to Sharp, A & P instructed him that they were not interested in legal action, but they left the manner of collection of the check entirely up to Sharp. Thereafter, Sharp (with no identification of the alleged wrongdoer and only conjectural evidence to link Dewey Varner with the *149 bad check) swore out an affidavit on behalf of A & P, charging Dewey Varner with passing the check in question. On the strength of that affidavit, Varner was arrested, incarcerated and later released on bond. When he was released, Varner went to the A & P store in question and notified them of the charges brought against him and requested they be dropped. However, at no time did any official of A & P notify Sharp to drop the charges or attempt in any way to secure their dismissal. In fact, three of A & P's employees attended the hearing on the charges in an attempt to recover money for the check. The bad check charge was ultimately dismissed, and Varner brought an action for malicious prosecution against A & P, Sharp, and The Federal Detective Agency, Inc., seeking both compensatory and punitive damages.
The question of initial liability for the malicious prosecution was submitted to a jury, which found all three defendants liable in compensatory damages in the sum of $2,000.00, and assessed punitive damages against the defendant, A & P, in the sum of $2,500.00, against the defendant, Sharp, in the sum of $1.00, and against the defendant, The Federal Detective Agency, in the sum of $5,000.00. A & P had filed a cross-claim of common law indemnification against Sharp and the detective agency, which apparently (by mutual consent of the parties) had been severed from the original proceeding and, subsequent to the jury verdict, was tried non-jury before the trial judge upon the identical record presented on the issues before the jury, on which cross-claim the trial judge found no liability and rendered the judgment for the cross-defendants.
An appeal from both the judgment on the jury verdict and the judgment on the cross-claim was prosecuted by A & P, which resulted in the two actions here under consideration.
Turning first to the propriety of the judgment on the plaintiff's cause of action, the verdict and judgment arrived in this court with a presumption of correctness [See: Snider v. Bancroft Inv. Corp., Fla. 1952, 61 So.2d 184; Bowser v. Harder, Fla. App. 1957, 98 So.2d 752] and, upon review of this record, all inferences are resolved in favor of the plaintiff. See: Prince Michael Corp. v. Zucker, Fla.App. 1962, 147 So.2d 332; F.W. Woolworth Company v. Stevens, Fla.App. 1963, 154 So.2d 201.
It was within the province of the jury, upon the evidence presented to them, to conclude that A & P not only ratified the acts of its agent, Sharp, but in fact authorized the institution of the proceedings which formed the basis of the malicious prosecution suit. The verdict being for the plaintiff and against A & P and the other defendants, it is reasonable to conclude that the jury determined that A & P was actively engaged in setting in motion the chain of events which resulted in the malicious prosecution of the plaintiff. The record before us reveals that A & P, through its agents, undoubtedly ratified the actions of Sharp upon being notified of the arrest of Varner, pursuant to the warrant sworn out in its behalf by Sharp. Said record reveals that A & P took no steps to cause the charges to be dismissed, notwithstanding alleged prior instructions not to institute legal proceedings but, rather, permitted same to continue in hopes of receiving reimbursement for the "bogus" check. The record supports the jury's verdict that A & P was liable, both as a joint tort feasor and vicariously. Therefore, no error has been made to appear in the appeal from the denial of the cross-claim for common law indemnification. If the record was susceptible only to the view that A & P was vicariously liable to the plaintiff, then in that event possibly A & P would have been entitled to seek common law indemnification against Sharp. See: 27 Am.Jur., Indemnity, § 18; 7 Fla.Jur., Contribution, § 8.
The final judgment sought to be reviewed under the proceedings filed in this court, under Clerk's File No. 62-738, be and the same is hereby affirmed; and the final judgment *150 on the cross-claim denying relief on the indemnification, filed in this court under Clerk's File No. 62-737, be and the same is hereby affirmed.
Affirmed.