Abraham N. Geller, J.
This is a motion by third-party defendant to dismiss the third-party complaint for failure to state a cause of action; failure to set forth necessary factual statements; and that the action is time-barred.
On March 5, 1959, an airline operated by plaintiff, a corporation of El Salvador, crashed in Nicaragua. Plaintiff brought suit for alleged property damage to the aircraft in this court in November, 1961 against defendants, all foreign corporations, based upon alleged negligent manufacture and assembly of the engine and negligent supplying of defective components.
Defendant Rolls Royce Limited moved to vacate service on jurisdictional grounds. After protracted litigation on that *772 point, it was resolved by the Court of Appeals on January 14, 1965 (15 N Y 2d 97). Defendant Rolls Royce Limited accordingly did no.t serve its answer until March 3, 1965. The following day the present third-party action was instituted. The third-party defendant is charged therein as a joint tort-feasor by reason of the sale or furnishing of alleged contaminated aviation fuels.
It is clear from the papers that all significant contacts occurred outside this State and, indeed, no action or event whatever took place in this jurisdiction. The accident occurred in Nicaragua, and the law of that country governs the light of Rolls Royce to maintain an action against the third-party defendant (Babcock v. Jackson, 12 N Y 2d 473; Tuffarella v. Erie R. R. Co., 10 A D 2d 525).
The third-party complaint alleges that under the law of Nicaragua a joint tort-feasor is entitled to recover contribution against others as are jointly liable irrespective of whether such others were parties to the principal action. It is then alleged that third-party defendant is or may be liable over to defendants, wholly or in part, for any amount of recovery obtained against them. Judgment is requested for any sum that may be recovered by plaintiff.
It is necessary only to plead the substance of foreign law (CPLR 3016, subd. [e]). However, the purpose of such pleading is to give notice to the adverse party and to the court. Here there should be specific reference to the code or other provision of law relied upon to facilitate research by adverse party and the court. Moreover, since defendants apparently claim that contribution under Nicaraguan law may encompass a recovery for all of the amount of recovery by plaintiff against defendants, which is not our view of contribution, the substance of foreign law pleaded must contain a specific applicable reference showing that to be true under Nicaraguan law. Unless that is specifically pleaded, the allegation as to recovering “wholly” and the request for judgment for ‘ ‘ any ’ ’ sum recovered by plaintiff would be erroneous.
The motion to dismiss on this ground is granted with leave to serve an amended third-party complaint within 15 days after date of publication of this determination.
With respect to the applicable Statute of Limitations, it would appear that there is no basis under New York law for deeming the third-party action to be barred. But, in view of the fact that such action cannot be commenced in this State after expiration of the time limited by the laws of either this State or Nicaragua (CPLR 202), the motion to dismiss on that ground *773 is denied bnt with leave to plead such defense based on Nicaraguan law in the answer.
Here, whatever the applicable period governing the third-party action, same could not be commenced by defendants until after service of their answer (CPLR 1007), and that was justifiably delayed until after final disposition of the appeals on the motion to vacate service. Moreover, under New York law and, indeed the general rule, a claim for indemnification or contribution does not accrue at the time of the commission of the tort but at the time of payment of the underlying claim (Prosser, Torts [3d ed.], p. 277). This rule applies to third-party actions as well as independent actions (Musco v. Conte, 22 A D 2d 121, 126). With respect to the Statute of Limitations, a cause of action for contribution, where authorized, is akin to that of indemnity. It should be noted that, to avoid multiplicity of actions, New York third-party practice allows the third-party action to be instituted before such payment, so that the original liability and the indemnification claim may be disposed of in one action. But, actually, under New York law the Statute of Limitations has not even begun to run on the third-party action.
Accordingly, the motion to dismiss as time-barred is denied with respect to New York law, with leave to interpose such defense, if based upon Nicaraguan law.