224 So.2d 791 (1969)
William V. CHAPPELL, Jr., Appellant,
v.
J.K. SCARBOROUGH d/b/a J. & J. Electric Service, Charley B. Owens, Franklin Fincher, Richard K. Fincher, and Franklin Alexander Bennett, Sr., Appellees.
No. L-186.
District Court of Appeal of Florida. First District.
July 10, 1969.
Pattillo, MacKay & McKeever, Ocala, for appellant.
Gary C. Simons, of Savage & Krim, Ocala, for appellees.
WIGGINTON, Judge.
Defendant has appealed a final judgment dismissing a cross-claim brought by him *792 against a co-party defendant. The dismissal was on the stated ground that the cross-claim failed to state a cause of action.
Appellee Bennett filed an action at law to recover damages for the wrongful death of his minor son. To this action appellant Chappell and appellee Scarborough were named as defendants doing business as J. & J. Electric Service. The other appellees, Fincher and Owens, were also joined as defendants. The complaint seeks damages for the death of plaintiff's minor son resulting from the allegedly negligent installation of electrical equipment by Fincher and Owens while working as employees of Chappell and Scarborough in the performance of a subcontract as J. & J. Electric Service entered into with plaintiff's general contractor.
Appellant Chappell filed an answer denying any contractual relation with plaintiff's general contractor; denying that the defendants Owens and Fincher were his employees in making the electrical installation complained of; alleging that he had purchased the business known as J. & J. Electric Service from appellee Scarborough on a date shortly preceding the incident which resulted in the death of plaintiff's son, but that he did not purchase or acquire any of the rights or benefits of Scarborough's subcontract with plaintiff's general contractor, nor did he assume any of the obligations, responsibilities, or liabilities under that contract. Appellee Scarborough answered the complaint, denying all allegations of negligence and asserting a number of affirmative defenses. In his answer Scarborough made no reference or allusion to his relationship with appellant Chappell.
At a later stage in the proceedings Chappell, by leave of court, filed a cross-claim against his co-party defendant, Scarborough, in which he alleges that Scarborough sold to him the business known as J. & J. Electric Service under a sales agreement which provided that the sale did not include any account or sums receivable under the then existing contract between Scarborough and plaintiff's general contractor; that Scarborough retained the right to complete the work contemplated by that contract and Chappell was acquiring no rights nor responsibilities thereunder or in connection therewith; that Scarborough would perform all remaining work under the contract in a proper and careful manner so as to create no liability in Chappell for the improper or careless performance thereof; that Chappell would rent to Scarborough such equipment, sell to him such materials, and loan to him such employees as were necessary to enable Scarborough to complete performance of his contract with plaintiff's general contractor. The cross-claim further alleges that Chappell has been guilty of no active or primary negligence in the performance of the Scarborough contract with plaintiff's general contractor and that his liability, if at all, is upon the vicarious responsibility arising out of his alleged relation of employer to the defendants, Fincher and Owens, who were in truth and in fact employees of and acting under the direction and control of Scarborough. The cross-claim seeks indemnification from Scarborough in the event that a judgment for plaintiff Bennett should be rendered against Chappell in the original action. Scarborough filed a motion to dismiss the cross-claim on the grounds that it failed to state a cause of action against him, that it is prematurely filed in that Chappell's liability to the plaintiff has not yet been determined, and that the cross-claim fails to allege any active or primary negligence on the part of Scarborough which resulted in the death of plaintiff's minor son. The motion was granted and final judgment dismissing the cross-claim rendered, from which judgment this appeal is taken.
Appellant urges that the trial court erred in dismissing his cross-claim, the authority for bringing which is contained in the rule of civil procedure dealing with counterclaims and cross-claims, to wit:
"Cross-Claim Against Co-Party. A pleading may state as a cross-claim any *793 claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."[1]
Appellant contends that the cross-claim falls clearly within the provisions of the above-quoted rule in that the cause of action asserted therein arises out of the transaction or occurrence that is the subject matter of the original action and is one for which Scarborough is or may be liable to appellant in the event judgment in rendered against appellant in favor of the plaintiff in the main action.
It is clear that the cross-claim here in controversy by which Chappell seeks to shift to Scarborough full liability for any judgment rendered in favor of plaintiff is not one by which one tort-feasor seeks contribution from his joint tort-feasor contrary to the rule of law prevailing in this state.[2] The cross-claim, therefore, could not have been properly dismissed on this ground.
A careful examination of the cross-claim fails to disclose any allegations that cross-defendant Scarborough was guilty of an act of primary negligence in the installation of the electrical equipment which gave rise to the cause of action alleged in the original action. On the contrary, the cross-claim affirmatively alleges that the defective installation of electrical equipment, if any, was done by defendants Owens and Fincher while working as employees of Scarborough. Under these allegations both Chappell and Scarborough would be liable, if at all, only for secondary or passive negligence under the doctrine of respondeat superior, and Scarborough could not be held guilty of primary or active negligence for which Chappell would be entitled to claim indemnity for any judgment rendered against him in the original suit. Because of the foregoing, Chappell has failed to bring the cause of action alleged in his cross-claim within the well recognized exception to the rule prohibiting the enforcement of contribution between joint tort-feasors under the doctrine announced by this court in the case of Winn-Dixie Stores, Inc. v. Fellows:[3]
"`Under the common law, an injured person can sue anyone or all of several joint tort-feasors whose negligent acts or omissions unite and produce his injury. * * *
"`The general rule of the common law is that there is no right to indemnity as between joint tort-feasors. * * * This general rule is subject to certain well defined exceptions or limitations, which coalesce in the doctrine that a party secondarily liable in a tort action is entitled to indemnity from the party primarily liable, even in cases where both parties are denominated joint tort-feasors.
"`One of these exceptions or limitations rests solely upon a difference between the kinds of negligence of two tort-feasors, and comes into play when the active negligence of one tort-feasor and the passive negligence of another tort-feasor combine and proximately cause an injury to a third person. * * * In such case, the passively negligent tort-feasor, who is compelled to pay damages to the injured person on account of the injury, is entitled to indemnity from the actively negligent tort-feasor. * * *'"
*794 Reverting to the cross-claim, we find alleged therein that the sales agreement by which Chappell purchased from Scarborough the business known as J. & J. Electric Service provides, among other things:
"That Scarborough would perform such remaining work (on his subcontract with plaintiff's general contractor) in a proper and careful manner so as to create no liability in Chappell for the improper or careless performance of the same;"
Appellee Scarborough contends on this appeal, and we agree, that the foregoing provision of the sales agreement between Chappell and Scarborough constitutes a contract of indemnity against any liability which may be imposed on Chappell as a result of any claim arising out of Scarborough's negligent performance of his subcontract with plaintiff's general contractor. Appellee contends, however, that Chappell is precluded from bringing an action against Scarborough under the indemnity provision of the sales contract until such time as judgment has been recovered by the plaintiff against Chappell in the original action, and that Chappell's attempt to assert a cause of action against Scarborough by his cross-claim before liability has been legally imposed against him is premature. Scarborough asserts that this is one of the grounds on which the cross-claim was held to be insufficient and subject to dismissal. In support of his position, appellee Scarborough relies upon the general rule set forth in American Jurisprudence as follows:
"Where the contract is one of indemnity against liability as distinguished from indemnity against loss or damage, it is generally held that an action may be brought and a recovery had as soon as the liability is legally imposed, as when judgment is entered. It is sufficient to show that a judgment has been recovered against the person to be indemnified, although such judgment remains unpaid.
* * * * * *
"A mere claim or demand against an indemnitee when no legal liability exists does not give rise to a right to indemnity under an agreement to indemnify against liability in the sense of accrued liability. Where, however, the contract is so expressed as to protect the obligee against any claim, suit, or demand, even the institution of a suit against the obligee has been held to entitle him to an action against his guarantor."[4]
The foregoing common law principle pertaining to the law of indemnity has been recognized in this state,[5] and is controlling in a suit brought by an indemnitee against his indemnitor prior to the time the indemnitee's liability has been determined and imposed. The question before us, however, is whether our rules of civil procedure have created an exception to the general rule under the circumstances existing in the case sub judice.
To repeat, Rule 1.170(g), R.C.P., relied on by appellant relating to cross-claims against a co-party provides that: "The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." It is noted that the rule contemplates that there may exist circumstances in which the cause of action sought to be asserted by the cross-claimant has not fully matured or come into existence at the time the cross-claim is filed, but from the circumstances shown by the record there is a likelihood that such cause of action or claim will emerge and become fixed and definite in the course of the litigation. A literal construction of the rule would seem to indicate *795 that a party may assert a cross-claim against a co-party if it is made to appear that the cross-defendant may be liable to the cross-claimant in the event liability against the cross-claimant is imposed by judgment subsequently to be rendered in the original action.
Our research has failed to disclose any decision by an appellate court of Florida construing Rule 1.170(g), R.C.P., as it relates to the right of a defendant to file a cross-claim against a co-party on a cause of action arising out of a contract of indemnity against liability. Because of this, the question is one of first impression. Since our rule is a verbatim counterpart and taken in its entirety from Rule 13, Federal Rules of Civil Procedure, the decisions of courts in the Federal jurisdiction construing Rule 13 will be persuasive of the construction which we should place upon our own rule of practice.
In his discussion of Rule 13(g), Federal Rules of Civil Procedure, as it relates to the question here considered, Professor Moore, in his work on Federal Practice, says:
"Subdivision (g) permits the assertion by way of cross-claim of `a claim that the party against whom it is asserted is or may be liable to the cross-claimant. * * *' * * * In certain situations this may have the effect of accelerating the accrual of a right.
* * * * * *
"The confusion in the early cases as to the extent of the cross-claim has been clarified, and the scope of the cross-claim broadened. The subdivision clearly applies to all claims, legal or equitable. The cross-claim need not affect the plaintiff. It is enough (1) if it arise `out of the transaction or occurrence that is the subject matter * * * of the original action. * * *'"[6]
In support of the foregoing statement, Moore cites the case of United States Fidelity & Guaranty Co. v. Janich[7] in which an insurer brought an action for declaratory judgment against its insured and the claimant. It was held that the claimant may plead his cross-claim against the insurer and the insured in spite of a provision of the policy that no action should lie against the insurer unless judgment had been previously entered against the insured.
Barron and Holtzoff in their discussion of Federal Rule 13(g) say:
"It is not necessary to a good cross-claim that the liability of the party against whom it is asserted must have been fixed. Thus two or more insurers sought to be held in garnishment proceedings may file cross-claims against each other to determine their respective liabilities. The courts have disagreed as to whether, in a suit by a liability insurer for a declaratory judgment of noncoverage, brought against its insured and an injured person who is suing him, the injured person may assert in that action a cross-claim against the insured for his injuries."[8]
Decisions rendered by courts in the Federal jurisdiction relating to Rule 14, Federal Rules of Civil Procedure, dealing with Third-Party Practice are also helpful in a solution of the problem with which we are faced. Federal Rule 14, of which our Rule 1.180, R.C.P., is an exact counterpart, provides that a defendant may bring into the action and file a cross-claim against a third-party defendant who is or may be liable to him for all or part of the plaintiff's claim against him. It is noted that the language in Rule 14, to wit, "* * * who is or may be liable to him for all or part of the plaintiff's claim against him," is similar in all material respects *796 with the language contained in Rule 13(g) relating to counterclaims and cross-claims. In discussing this phase of Federal Rule 14, Professor Moore says:
"As in all third-party practices, the accrual of a right is sometimes accelerated under Rule 14. The Rule authorizes impleader of a party `who is or may be liable.' The italicized words or their equivalent are necessary. For example, there are two kinds of indemnity: indemnity against liability and indemnity against loss. First assume that E.F. has agreed to indemnify C.D. against certain liability, and that subsequently A.B. sues C.D. and the liability asserted against C.D. is within the indemnity agreement. C.D. can implead E.F. because under their agreement E.F. is immediately liable. * * *"[9]
Based upon the foregoing authorities, it is our view, and we so hold, that under Rule 1.170(g), R.C.P., appellant Chappell's cause of action against appellee Scarborough for indemnity under the provisions of the sales agreement entered into by them is accelerated by the action brought against each of them by the plaintiff in this cause, and under the facts alleged in Chappell's cross-claim his right of action against Scarborough is not barred nor postponed until such time as liability may be imposed upon Chappell by the rendition of a judgment against him in favor of the plaintiff Bennett in the original action. By this construction of the rule in question, the court will be able to adjudicate in one action the plaintiff's rights against both Chappell and Scarborough, and at the same time adjudicate Chappell's rights against Scarborough under the indemnity agreement entered into between them, thereby obviating the necessity of two separate suits in the event Bennett recovers a judgment against Chappell, with the attendant expense and delays which would inevitably follow. We do not believe that such a construction does violence to the common law principle that an idemnitee may not sue his indemnitor on a contract of indemnity against liability until such time as liability has been imposed upon the indemnitee. This is so for the reason that if Scarborough is required to answer Chappell's cross-claim and stand ready to discharge any obligations which may accrue against him under the indemnity agreement, no judgment can be rendered against Scarborough on the indemnity agreement, nor can he be prejudiced in any manner, until such time as Chappell has suffered the imposition of a judgment against him in favor of plaintiff Bennett in the original action. This is the obvious salutary purpose sought to be served by the common law rule preventing the indemnitee from suing the indemnitor until after liability is imposed.
For the reasons above stated, we hold that by the operation of Rule 1.170(g), R.C.P., the cross-claim filed by Chappell against Scarborough states a cause of action, and that the trial court erred in rendering final judgment of dismissal. The judgment is accordingly reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed.
JOHNSON, C.J., and SPECTOR, J., concur.
NOTES
[1] Rule 1.170(g), R.C.P., 30 F.S.A.
[2] Seaboard Air Line Railroad Company v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316.
[3] Winn-Dixie Stores, Inc. v. Fellows (Fla. App. 1963), 153 So.2d 45, 49.
[4] 41 Am.Jur.2d 721-722, Indemnity, § 31.
[5] Wright v. Fidelity & Casualty Co. of New York (Fla.App. 1962), 139 So.2d 913.
[6] 3 Moore's Federal Practice 93, 96, Cross-Claims, § 13.34(2d ed.).
[7] United States Fidelity & Guaranty Co. v. Janich, (S.D.Cal. 1943) 3 F.R.D. 16.
[8] 1A Barron and Holtzoff, Federal Practice and Procedure 601, § 397.
[9] 3 Moore's Federal Practice 531, § 14.08 (2d ed.).