226 So.2d 836 (1969)
MIMS CRANE SERVICE, INC., a Florida Corporation, Appellant,
v.
INSLEY MANUFACTURING CORP., Appellee.
No. 68-627.
District Court of Appeal of Florida. Second District.
October 3, 1969.
*837 Bernard J. Zimmerman of Akerman, Senterfitt, Eidson, Mesmer, Robbinson & Wharton, Orlando, for appellant.
Charlie Luckie, Jr., and Charles W. Pittman of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
PIERCE, Judge.
This is an appeal from a final judgment in favor of appellee Insley Manufacturing Corp., third party defendant in the Court below, and against appellant Mims Crane Service, Inc., third party plaintiff, because Mims failed to file suit on its claim against Insley within three years from the date it purchased the Insley motorized crane, or the date of the alleged injury.
Prior to November 22, 1961, Mims purchased from Chapman Machinery Company, one of the third party defendants in the Court below, an Insley motorized crane manufactured by Insley on which certain warranties were made as to its condition and capacity. On November 22, 1961, while the motorized crane was being operated on the premises of American Cyanamid Company, plaintiff below, the boom collapsed, causing damage to personal property of Cyanamid.
On October 15, 1964, Cyanamid filed suit in tort against Mims on its claim for damages. Service was attempted on April 1, 1965, on Mims through Fred Ohliger, purported vice president of Mims. Default was entered on April 23, 1965, and a judgment was entered on May 21, 1965, for Cyanamid. On April 29, 1966, the Circuit Judge entered an order vacating the judgment. On September 29, 1966, service was again attempted on Mims by serving Ohliger. On February 1, 1967, the Circuit Judge entered an order quashing this attempted service on Mims. On March 26, 1968, service was perfected on Mims by serving W.A. Mims, its president.
On April 16, 1968, Mims filed its answer and third party complaint pursuant to Florida Rule 1.180 R.C.P., 30 F.S.A. against Chapman and Insley. On May 27, 1968, Mims filed an amended answer and on June 19, 1968, filed its second amended answer and third party complaint incorporating the original complaint of Cyanamid and setting forth, among other things, that in said original complaint it was alleged that Mims furnished and provided to the plaintiff, Cyanamid, a motorized Insley truck-crane with a defective boom; that the said truck-crane was manufactured by Insley and purchased by Mims from Chapman; that the third party defendants expressly and impliedly warranted that the subject motorized Insley truck-crane was fit for its intended use and further warranted both expressly and impliedly the merchantability of said truck-crane; that because of the said warranties under the circumstances alleged Chapman and Insley "are liable to the third party plaintiff for all or any part of plaintiff's claim against it [Mims], if any is proven." Mims demanded judgment against Chapman and Insley "for any sums which may be awarded to the plaintiff and against the third party plaintiff in the original action *838 and for attorneys' fees and costs of defending the original action."
On June 24, 1968, Insley filed its answer and affirmative defenses, which included the defense that the third party claim was barred by the "statute of limitations and repose." On September 30, 1968, Insley filed its motion for judgment on the pleadings and on November 21, 1968, the circuit Judge entered the final judgment appealed from.
Insley contends that Mims' cause of action is based upon breach of warranty not in writing, and therefore the claim is barred by the statute of limitations, relying on Creviston v. General Motors Corp., Fla. App. 1968, 210 So.2d 755. It will be noted in passing that the judgment of this 2nd District Court in that case was quashed on July 2, 1969, the Supreme Court holding that in an action on implied warranty for personal injury under the facts in that case the statute of limitations begins to run from the time the plaintiff first discovered, or reasonably should have discovered, the defect constituting the breach of warranty, and not at the time of the sale of the defective product. 225 So.2d 331.
It is Mims' position that the action is based on indemnification and that the statute of limitations does not begin to run until the indemnitee has been required to pay a judgment or makes voluntary payment to the injured party or original plaintiff. We agree with Mims.
Insley relies on the decisions in Riesen v. Leeder, 1961, 193 Cal. App.2d 580, 14 Cal. Rptr. 469; City & County Saving Bank v. M. Kramer & Sons, Inc., 1964, 43 Misc.2d 731, 252 N.Y.S.2d 224; and Nelson v. Sponberg, 1957, 51 Wash.2d 371, 318 P.2d 951, for the proposition that Mims' cause of action against Insley was upon a breach of warranty rather than indemnity. We do not consider these cases controlling. The original action in the case sub judice was a tort case, whereas the Riesen and Kramer cases were actions for breach of implied warranty and breach of contract brought by the original plaintiffs. In Riesen, an action for breach of implied warranty brought by a purchaser against a retailer which filed a cross-complaint against the manufacturer, the Court said:
"Nowhere does Leeder plead, prove, or even suggest an agreement by manufacturer to indemnify him. Nor does he plead or prove any tort liability, much less that unusual situation which can give one tort-feasor a claim over, perhaps akin to indemnity, against the other * * *".
In Kramer, which involved an action for breach of contract in which various contractors attempted to implead their subcontractors, alleging breach of implied warranties, the Court said:
"In support of this position, Kramer cites several authorities in which the procedural device of impleader was utilized. However, the authorities cited are Tort cases and, in such situations, there is a recognized liability on the part of the active wrongdoer to indemnify the passive one. Such liability is implied in law, and the procedure outlined in Section 1007, Civil Practice Law and Rules (formerly 193-a, CPA) may properly be used. Such procedure may also be permissible in other situations where a person not a party to the original action may be liable to a defendant for all or part of the plaintiff's claim * * *." (Emphasis supplied.)
Sponberg was an action for indemnification for payment made by plaintiff to a business invitee who was allegedly injured because of a defective handrail installed by defendants. The Supreme Court of Washington found that the evidence was insufficient to show a causal relationship between the injuries sustained and the condition of the handrail.
It has been stated that a purchaser of a defective appliance or machine which causes injuries to another for which he is liable may recover indemnity from the manufacturer *839 or vendor. 41 Am.Jur.2d, Indemnity, § 25; First National Bank of Arizona v. Otis Elevator Co., 1966, 2 Ariz. App. 596, 411 P.2d 34; John Wanamaker, New York, Inc. v. Otis Elevator Co., 1920, 228 N.Y. 192, 126 N.E. 718; Otis Elevator Co. v. Cameron, Tex.Civ.App. 1918, 205 S.W. 852; Liberty Mut. Ins. Co. v. J.R. Clark Co., 1953, 239 Minn. 511, 59 N.W.2d 899; Frank R. Jelleff, Inc., to Use of Liberty Mut. Ins. Co. v. Pollak Bros., Inc., U.S.D.C. N.D.Ind. 1957, 171 F. Supp. 467; McDonald v. Blue Jeans Corp., U.S.D.C.S.D.N.Y. 1960, 183 F. Supp. 149, unless the party making payment is barred by the wrongful nature of his conduct, Florida Power & Light Co. v. General Safety Equip. Co., Fla.App. 1968, 213 So.2d 486. The so-called active-passive tortfeasor principle is recognized in Florida, Great A. & P. Tea Co. v. Federal Detective Agency, Inc., Fla.App. 1963, 157 So.2d 148; Winn-Dixie Stores, Inc. v. Fellows, Fla.App. 1963, 153 So.2d 45; Fincher Motor Sales, Inc. v. Lakin, Fla.App. 1963, 156 So.2d 672; Olin's Rent-A-Car Sys., Inc. v. Royal Continental Hotels, Inc., Fla.App. 1966, 187 So.2d 349. As stated in Florida Power & Light Co. v. Hercules Concrete Pile Co., U.S.D.C. S.D. Fla. 1967, 275 F. Supp. 427, 429:
"Under this principle one who is considered a `passive' tortfeasor may recover indemnity from a so-called `active' tortfeasor, the measure of damages being the recovery which the injured party received from the passive tortfeasor."
The obligation to indemnify need not be based upon an express contract of indemnification but may arise out of implied contractual relations or out of liability imposed by law. The rule is stated in 41 Am.Jur.2d, Indemnity, § 2, p. 688:
"Although it has been said that the right to indemnity springs from a contract, express or implied, the modern cases note that contract furnishes too narrow a basis, and that principles of equity furnish a more satisfactory basis for indemnity. Thus, a right of indemnity has been said to exist whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join. The rule proposed in the Restatement of Restitution makes no specific reference to contract and appears to be based on principles of equity; it provides that a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor (indemnitee) is barred by the wrongful nature of his conduct."
See 42 C.J.S. Indemnity § 20, pp. 594, 595; 17 Fla.Jur., Indemnity § 6; Hutchins v. Frank E. Campbell, Inc., Fla.App. 1960, 123 So.2d 273; Olin's Rent-A-Car Sys. v. Royal Continental Hotels, supra; First National Bank of Arizona v. Otis Elevator Co., supra; Hertz Corporation v. Ralph M. Parsons Company, U.S.D.C., M.D.Fla. 1968, 292 F. Supp. 108.
In the case sub judice the third party complaint, hereinbefore briefly outlined, does not mention the word "indemnity". However, Mims' pleading shows on its face that the action is one for indemnification "for any sums which may be awarded to the plaintiff and against the third party plaintiff in the original action." Also, the prayer for attorneys' fees and costs of defending the original action  proper elements in an indemnification action, Fontainebleau Hotel Corporation v. Postol, Fla.App. 1962, 142 So.2d 299; 42 C.J.S. Indemnity § 13d; 41 Am.Jur.2d, Indemnity § 36  would indicate that the action was for indemnification. The original complaint of Cyanamid alleged negligence of Mims in furnishing "a motorized Insley truck-crane with a defective and inadequate boom * * with improper and inadequate rigging, cables, and fittings." Mims alleged in its third party complaint that "the motorized Insley truck-crane described in the Complaint *840 was purchased by Mims Crane Service, Inc., from Chapman Machinery Company, and said motorized Insley truck-crane was manufactured by Insley Manufacturing Corporation. That the Third Party Defendants jointly and severally, expressly and impliedly warranted that the subject motorized Insley truck-crane was fit for its intended use and further warranted both expressly and impliedly the merchantability of said truck-crane."
The 3rd District Court of Appeal, in Florida Power & Light Co. v. General Safety Equip. Co., supra, stated:
"The determinative factor is that the original complaint, copies of which were appended to the amended third party complaints, did not allege negligence through defective equipment, but charged the defendants with independent torts."
Conversely, if recovery should be had against Mims solely on the theory of negligence in furnishing the defective equipment, or, stated another way, if Mims' liability to plaintiff was not based on Mims' negligence but upon ownership of the defective truck-crane, then Mims should not be precluded from asserting its right of action for indemnification by Insley. Westinghouse Electric Corp. v. J.C. Penney Co., Fla.App. 1964, 166 So.2d 211; Olin's Rent-A-Car Sys. v. Royal Continental Hotels, supra; Fincher Motor Sales, Inc. v. Lakin, supra.
Cyanamid's complaint did not allege that Mims knew or should have known of the defective condition of the equipment, which knowledge could have the effect of making Mims' negligence not secondary or passive, but primary and active. Winn-Dixie Stores, Inc. v. Fellows, supra, as modified.
We conclude that the third party complaint stated a cause of action for indemnity against Insley.
Turning now to the question of when the statute of limitations, F.S. § 95.11, F.S.A., begins to run on an action for indemnification under third party practice predicated on breach of warranty, we hold that the cause of action for indemnification does not accrue until the litigation against the third party plaintiff has ended or the liability, if any, has been settled or discharged by payment. Continental Casualty Co. v. Florida Power & Light Co., Fla.App. 1969, 222 So.2d 58; Terteling v. United States, U.S.Ct. Cl. 1964, 334 F.2d 250; Northwest Airlines, Inc. v. Glenn L. Martin Company, D.C.Md. 1958, 161 F. Supp. 452; Chicago, Rock Island and Pacific Railway Company v. United States of America, U.S.D.C. 7th Cir.1955, 220 F.2d 939; Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Company v. Latrobe Die Casting Company, U.S.C.A. 3rd Cir.1967, 372 F.2d 18; De La Forest v. Yandle, 1959, 171 Cal. App.2d 59, 340 P.2d 52; Aerojet General Corp. v. D. Zelinsky & Sons, 1967, 249 Cal. App.2d 604, 57 Cal. Rptr. 701; Vegetable Oil Products Company v. Superior Court of State of Cal., 1963, 213 Cal. App.2d 252, 28 Cal. Rptr. 555; 54 C.J.S. Limitations of Actions § 141b; 20 A.L.R.2d 925.
Florida Rule 1.180 R.C.P., dealing with third party practice, provides in part:
"(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (Emphasis supplied.)
To avoid a multiplicity of actions this rule permits the third party action to be instituted before judgment, so that the entire subject matter arising from one set of facts may be disposed of in one action.
We have found no Florida decisions construing Rule 1.180 R.C.P. relating to the right of a defendant to file a third party complaint for indemnity in the original action without necessity of waiting for a *841 final adjudication or payment. The quoted portion of Rule 1.180 R.C.P. is identical with Rule 14, Federal Rules of Civil Procedure. In discussing Federal Rule 14 Professor Moore says:
"As in all third-party practices, the accrual of a right is sometimes accelerated under Rule 14. The Rule authorizes impleader of a party `who is or may be liable.' The italicized words or their equivalent are necessary. For example, there are two kinds of indemnity: indemnity against liability and indemnity against loss. First assume that E.F. has agreed to indemnify C.D. against certain liability, and that subsequently A.B. sues C.D. and the liability asserted against C.D. is within the indemnity agreement. C.D. can implead E.F. because under their agreement E.F. is immediately liable. Now assume that E.F. has agreed to indemnify C.D. against loss. Clearly E.F. is not liable in an independent action on his indemnity agreement until C.D. has suffered loss, and C.D. has suffered no loss merely because of the commencement of the action by A.B. Were it not for the italicized words, supra, C.D. could not implead E.F. By virtue of them C.D. is enabled to implead E.F., but the substantive status of E.F. will not be affected. The time when C.D.'s claim is presented against him is accelerated * * *."[1]
"The third party's duty to indemnify the defendant need not, however, be based on contract, but may arise by operation of law. Thus, where the case is one of primary and secondary liability, the party secondarily liable may implead the one primary liable * * *."[2] (Emphasis in text.)
Travelers Insurance Co. v. Busy Electric Co., 5th Cir.1961, 294 F.2d 139; Weyerhaeuser Steamship Co. v. Nacirema Operating Co., (1958) 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491; Hidick v. Orion Shipping and Trading Co., U.S.D.C.S.D.N.Y. 1957, 157 F. Supp. 477; Friedman v. Wilson Freight Forwarding Company, U.S.D.C. W.D.Pa. 1960, 181 F. Supp. 327.
In Taca International Airlines, S.A. v. Rolls Royce of England, Ltd., 1965, 47 Misc.2d 771, 263 N.Y.S.2d 269, the New York Supreme Court said:
"[U]nder New York law and, indeed the general rule, a claim for indemnification or contribution does not accrue at the time of the commission of the tort but at the time of payment of the underlying claim (Prosser on Torts [1964 Edition], p. 277). This rule applies to third party actions as well as independent actions (Musco v. Conte, 22 A.D.2d 121, 126, 254 N.Y.S.2d 589, 594). With respect to the statute of limitations, a cause of action for contribution, where authorized, is akin to that of indemnity. It should be noted that, to avoid multiplicity of actions, New York third party practice allows the third party action to be instituted before such payment, so that the original liability and the indemnification claim may be disposed of in one action. But, actually, under New York Law the statute of limitations has not even begun to run on the third party action."
Florida Rule 1.170(g) R.C.P., relating to cross-claims against a co-party, provides in part:
"The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (Emphasis supplied.)
It will be noted that the words "or may be liable" are used in Florida Rules 1.170(g) and 1.180.
In Chappell v. Scarborough, 224 So.2d 791, opinion filed July 10, 1969, the 1st *842 District Court had before it the question of whether a defendant in a wrongful death action was precluded from bringing a cross-claim against a codefendant under the indemnity provision of a sales contract until such time as judgment had been recovered by the plaintiff against the cross-claimant in the original action on the ground that the cause of action against the codefendant was premature until liability has been legally imposed against the cross-claimant. In holding that our Rules of Civil Procedure have created an exception to the general rule, the Court said:
"[I]t is our view, and we so hold, that under Rule 1.170(g), R.C.P., appellant Chappell's cause of action against appellee Scarborough for indemnity under the provisions of the sales agreement entered into by them is accelerated by the action brought against each of them by the plaintiff in this cause, and under the facts alleged in Chappell's cross-claim his right of action against Scarborough is not barred nor postponed until such time as liability may be imposed upon Chappell by the rendition of a judgment against him in favor of the plaintiff Bennett in the original action. By this construction of the rule in question, the court will be able to adjudicate in one action the plaintiff's rights against both Chappell and Scarborough, and at the same time adjudicate Chappell's rights against Scarborough under the indemnity agreement entered into between them, thereby obviating the necessity of two separate suits in the event Bennett recovers a judgment against Chappell, with the attendant expense and delays which would inevitably follow. We do not believe that such a construction does violence to the common law principle that an indemnitee may not sue his indemnitor on a contract of indemnity against liability until such time as liability has been imposed upon the indemnitee. This is so for the reason that if Scarborough is required to answer Chappell's cross-claim and stand ready to discharge any obligations which may accrue against him under the indemnity agreement, no judgment can be rendered against Scarborough on the indemnity agreement, nor can he be prejudiced in any manner, until such time as Chappell has suffered the imposition of a judgment against him in favor of plaintiff Bennett in the original action. This is the obvious salutary purpose sought to be served by the common law rule preventing the indemnitee from suing the indemnitor until after liability is imposed."
We hold that Mims' cause of action for indemnity against Insley under Rule 1.180 R.C.P. was accelerated and that it is not barred by F.S. § 95.11, F.S.A. The able trial Judge erred in entering judgment in favor of Insley and against Mims. The judgment is accordingly reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed.
HOBSON, C.J., and MANN, J., concur.
NOTES
[1] 3 Moore's Federal Practice 531, § 14.08 (2d ed.)
[2] 3 Moore's Federal Practice 552, § 14.10 (2d ed.)