PER CURIAM.
This is an appeal by the owner-consumers of a private aircraft [Barbara Bodzo, personal representative of the estate of Stephen J. Bodzo, SCIC Air, a Florida partnership] and their insurer [R.F. Elliott as Representative Underwriter for Underwriters of Lloyd’s, London] from adverse final summary judgments entered on their claim for indemnity against the manufacturer [Beech Aircraft Corporation] and retailer [Stevens Beechcraft, Inc.] of the aircraft in question. Stripped to its essentials, the indemnity claim seeks recovery for monies paid and expenses incurred by the owner-consumers in settling certain claims brought against them by the estates of two passengers who were killed when the aircraft crashed while in flight. It is alleged that the owner-consumers were vicariously liable on these claims — and consequently they settled them — because the aircraft crash in question was entirely caused by a defect in the aircraft and was in no sense caused by any negligence of the owner-consumers. It is therefore asserted that the owner-consumers are entitled to indemnity for the settlement of these claims against the manufacturer and retailer of the aircraft. We disagree and affirm.
It is, of course, well settled that the remedy of indemnity in the law of torts “shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay [a third party], because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter’s wrongdoing for which the former is held liable.” Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 493 (Fla.1979). In the instant case, indemnity cannot lie because the owner-consumers herein were not vicariously liable for the claims which they settled. The law is clear that the manufacturer and the retailer-supplier of a defective product — not the owner-consumer of the product — are held strictly liable regardless of fault for a manufacturing or design defect in the product which causes injuries to third parties. West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla.1976). Although indemnity is available under certain circumstances not relevant here for the manufacturer or retailer-supplier of a defective product, it is plainly unavailable for the owner-consumer of the product because the latter cannot be held vicariously or strictly liable to third parties for injuries caused by the defective product.[1] See *448 Wetherington, Tort Indemnity in Florida, 8 Fla.St.U.L.Rev. 383, 409-10 (1980). Nor are we persuaded that the dangerous instrumentality doctrine compels a different result as this doctrine has never been applied to impose vicarious liability on the owner of an automobile or aircraft for manufacturing or design defects in the vehicle which cause injuries to third parties. Accordingly, the final summary judgments under review are in all respects
Affirmed.

. We do not read Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA), cert. denied, 234 So.2d 122 (Fla.1969), to stand, as urged, for a contrary proposition *448 because, unlike this case, a commercial lease of the defective crane appears to have been involved. Moreover, it is doubtful whether Mims survives Houdaille as some degree of fault appears to have been involved in supplying the defective crane in question. 226 So.2d at 840. See Wetherington, supra, at 397-99.