THORNAL, Justice.
Appellant Kilgore Seed Company seeks reversal of a judgment based on a directed verdict in favor of appellees Bickle, French and Pacelli in an action to recover the purchase price of certain goods sold.
The point for determination is whether the appellant, as plaintiff, sufficiently proved the liability of the appellees for the amount of the claim.
The action arose out of an alleged joint adventure between one Gwynn H. Pearce and the appellees Bickle, French and Pa-celli whereby the four parties were engaged in the planting, cultivation and marketing of one hundred acres of tomatoes. On this appeal there seems to be no dispute over the basic proposition that the four parties were joint adventurers for the production of the tomatoes.
At the trial of the case appellant Kilgore Seed Company, through its manager, proved its account for seeds, fertilizers, spray and other agricultural commodities. The total amount claimed to be due was $3,991.27. It was brought out at the trial that the *114 goods were sold to Pearce for the joint adventure. However, appellees showed on cross examination that Pearce also planted some six acres of cucumbers and that many of the commodities sold could be used for the production of cucumbers as well as tomatoes.
By their motion for a directed verdict the appellees contended that the appellant had failed to prove the amount of the account chargeable against the tomatoes as contrasted to the total account which included commodities sold for the production of cucumbers. The trial judge agreed with the ap-pellees and directed a verdict in their favor. The judgment followed this verdict. Reversal of the judgment is here sought.
The appellant contends that as against a motion for a directed verdict the evidence was sufficient to take the case to the jury on the question of the amount due.
The appellees contend that the burden was on the appellant to prove the exact amount due and that it had failed to carry this burden.
Although admittedly the proof was not as clear and definite as it might have been, we think that as against the motion for a directed verdict at the close of the plaintiff’s case there was sufficient evidence at that point to take the matter to the jury. It is true that the testimony showed that the joint adventure was limited to the production and marketing of tomatoes. The liability of appellees Bickle, French and Pacelli was, therefore, limited to those commodities used in the joint adventure. After proving its account and establishing that the commodities shown on the account were actually sold to Pearce who represented the point adventure in dealing with the plaintiff, it was shown by Pearce’s testimony that according to his estimate eight percent of the amount due was for commodities used in the production of cucumbers.
There seems to be no doubt from the record here that the appellant actually furnished the seeds, fertilizers and spray material as well as other items which were actually used for the purposes of the joint adventure. Pearce was directly in charge of the tomato production aspect of the matter. He estimated that eight percent of the amount due was devoted to purposes outside of the joint adventure. Under these circumstances it appears to us that there was a sufficient showing of the amount chargeable to the joint adventure. It would be merely a matter of mathematics to determine eight percent of the total due and subtract that figure from the full amount alleged to be due.
In the light of the rule that on a defendant’s motion for a directed verdict at the close of the plaintiff’s case the testimony and all proper inferences therefrom are construed most favorably to the plaintiff, we are led to the conclusion that it was error to direct a verdict in favor of the ap-pellees.
An incidental question is raised by appellees to the effect that the plaintiff below failed to prove the agreed value of the material or in the alternative the reasonable value thereof. Appellees rely on Charlotte Harbor & N. Ry. Co. v. Burwell, 56 Fla. 217, 48 So. 213; and Inter-County Telephone & Telegraph Co. v. Bozarth, 95 Fla. 939, 117 So. 107. The rule of law announced in the cited cases is sound. In the instant case, however, it was shown that each item was sold to Pearce, that the amount due for each purchase was exhibited to him on a charge slip in connection with each transaction, that the charge slip showing the amount due was delivered to him with each delivery of the goods, that there was no question raised by him or anyone else as to the amount of each charge, and that the goods were accepted under these circumstances upon each delivery. We think this was sufficient evidence to justify a jury in concluding that the price of the goods was agreed upon and that, therefore, the rule of the cited cases was adequately met.
*115 Before concluding we point out again that the appellees here raise no question as to the existence of the joint adventure. They undertake to defend the directed verdict and judgment only on the two propositions which we have discussed above.
For the reasons stated, the judgment is reversed and the cause is remanded for a new trial.
Reversed.
TERRELL, C. J., and THOMAS, HOB-SON and DREW, JJ., concur.