154 So.2d 201 (1963)
F.W. WOOLWORTH COMPANY, Appellant,
v.
Emily Ann STEVENS and her husband, Donald Eugene Stevens, Appellees.
No. 62-562.
District Court of Appeal of Florida. Third District.
May 28, 1963.
Rehearing Denied June 26, 1963.
*202 Dean, Adams & Fischer and Jeanne Heyward, Miami, for appellant.
Green & Hastings and Samuel Z. Goldman, Miami, for appellees.
Before PEARSON, TILLMAN, C.J. and CARROLL and BARKDULL, JJ.
PER CURIAM.
The defendant, F.W. Woolworth Company, appeals a final judgment based on a jury verdict for the plaintiffs, Emily Ann Stevens and her husband, Donald Eugene Stevens. The sole point on appeal urges error upon the trial court's refusal to grant defendant's motion for a directed verdict.
The cause of action arose out of an accident which the plaintiff-wife alleged occurred when she slipped in a soap-bubble solution which had been spilled on the floor of defendant's store. Defendant, as appellant, urges that the plaintiffs failed to prove that defendant or its employees created the condition or that it had actual or constructive knowledge of the condition. See Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5.
The testimony of the plaintiff was that she had been in the store fifteen or twenty minutes before the accident; and during that time, as she slowly progressed down the aisles of the store, there were no customers between her and the place of the accident. Appellant maintains that this is negative testimony, and that in the face of positive testimony of the manager and one of the store employees that the area was clean five minutes before the accident, the testimony of the plaintiff was insufficient to create a jury issue. See Tyus v. Apalachicola Northern R.R. Co., Fla. 1961, 130 So.2d 580.
We affirm upon the holding that in this posture of the case, all of the testimony and all proper inferences therefrom must be construed most favorably to the plaintiff. Kilgore Seed Co. v. Pearce, Fla. 1958, 103 So.2d 112; Budgen v. Brady, Fla.App. 1958, 103 So.2d 672. Viewed in this light, there is sufficient evidence to have required jury consideration of the issues.
Affirmed.