PER CURIAM.
Hilda Kroner was injured when she stumbled over a shopping cart in a grocery store located in Miami Beach, Florida. She sued the operators of the store. The defendants moved for a summary judgment after taking the plaintiffs deposition and propounding certain interrogatories which were answered. The motion was granted, and this appeal is from the judgment which followed.
The thrust of appellant’s argument is that the trial judge committed error in granting a summary judgment because the facts of the instant case bring it within the purview of the holding in F. W. Woolworth Company v. Stevens, Fla.App.1963, 154 So.2d 201. It is only necessary to point out the factual differences in order to distinguish the cases. The proposition advanced in the Woolworth case was that under the particular facts of that case, where the plaintiff was able to establish that the floor had not been cleaned of a dangerous substance for an extended period of time, the question of negligence was for the jury. In the present case, the plaintiff could establish that the object was on the floor a period of five to' ten minutes. The object over which the plaintiff tripped was not a part of the usual equipment of the store and had no connection with the operation of the store.[1]
We therefore hold that the plaintiff failed' to establish that she had available for trial any proof of negligence. The trial court, properly entered summary judgment for the-defendant. Cf., Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5; Grand Union Supermarkets, Inc. v. Griffin, Fla.App.1963, 156 So.2d 788.
Appellant has also assigned and argued' error upon the court’s refusal to allow the filing of an affidavit after the time had expired for filing a motion for rehearing but while a motion for rehearing was pending. We do not discuss this question because an examination of the affidavit reveals that it is insufficient to change the-application of the law properly applied by the trial judge in granting the summary-judgment. We note also that we have not considered appellees’ argument directed to-the existence of contributory negligence as. a matter of law.
Affirmed.

. The object was a two-wheeled cart of the type owned and used by customers.