WIGGINTON, Chief Judge.
Defendant appeals a money judgment rendered in favor of plaintiff on a counterclaim seeking damages for breach of an oral warranty. The principal point on appeal questions the trial court’s denial of defendant’s motion for a directed verdict made at the close of plaintiff’s case, and renewed after all evidence had been submitted.
Plaintiff sued defendant in an action of replevin seeking possession of an International tractor powered by a diesel engine which was being wrongfully withheld by defendant. Defendant answered denying the allegations of the complaint and alleging that it was holding the tractor pending satisfaction of its lien for labor performed on the tractor at plaintiff’s request as authorized by statute.[1] In addition to its answer, defendant counterclaimed for the amount due on account of labor furnished by it as alleged. Plaintiff denied the allegations of the counterclaim and in turn counterclaimed for damages suffered by it as a result of a breach by defendant of an oral warranty given by defendant when it earlier overhauled *235 and repaired the diesel tractor in controversy.
Prior to trial certain facts were stipulated to by the parties. From the stipulation and evidence adduced by the parties, it was established that on November 25, 1966, defendant overhauled and repaired plaintiff’s diesel tractor and upon completion of the work orally warranted the labor performed by it for a period of 90 days, and the parts furnished in the repair and overhaul of the tractor for a distance of 100,000 miles. On May 22, 1967, the tractor suffered a bearing failure which resulted in a motor breakdown at a time when the tractor had traveled only 3,721 miles subsequent to the repair and overhaul job performed by defendant. The sole question presented for the jury’s decision was whether the engine failure which occurred in plaintiff’s tractor resulted from causes amounting to a breach of the warranty given by defendant.
The undisputed evidence establishes that from 28 to 30 quarts of oil are required to fill the engine for operational purposes, and that unless the oil is kept at the proper level, the engine will develop excessive heat causing the bearings and crankshaft to burn and the motor to fail. . Plaintiff raised the inference that the engine failure suffered by the tractor in May, 1967, was caused by defendant’s failure to properly fill the engine with oil after it repaired and overhauled it and returned it to plaintiff in November, 1966. Such contention is based solely upon the inability of defendant’s superintendent to testify positively that he knew of his own knowledge that the tractor was properly filled with oil after it was repaired and before it was returned to plaintiff. Defendant agrees that failure to maintain oil in the engine at the proper level was the cause of the motor failure in May, 1967, but such failure resulted from plaintiff’s action in draining the motor in April 1967, and refilling it with only 22 quarts of oil instead of the 30 quarts necessary to bring it to the proper operating level. This fact was established from plaintiff’s own records which were introduced at the trial.
Plaintiff’s expert witness testified that the type of diesel engine which powered plaintiff’s tractor is normally equipped with a special type of oil filter in addition to the standard filters found on most diesel engines, and that unless the special type filter is installed and maintained, the foreign matter which builds up in the oil system will not be properly filtered and will result in excessive heat being developed in the engine that can often cause the bearings and crankshaft to burn. The list of parts furnished by defendant when it repaired and overhauled plaintiff’s tractor does not include the special type of oil filter testified to by plaintiff’s expert. Plaintiff therefore contends that defendant’s failure to install the filter at the time it repaired and overhauled the tractor constituted a breach of the oral warranty and caused or contributed to the failure of the motor when it occurred in May, 1967.
It is _ admitted without dispute that in overhauling the tractor, defendant installed a used crankshaft which it ground to a dimension of 30 thousandths. Defendant testified that this was the proper dimension to which the crankshaft should be ground in order to give satisfactory service. Plaintiff’s expert testified to the contrary, asserting that such a used crankshaft should never be ground to a dimension greater than 20 thousandths. He testified that if the dimension was greater, it would result in the engine building up excessive heat which could burn the bearings and crankshaft and cause motor failure.
As we view the evidence in its entirety, we cannot escape the conclusion that if the jury was content to believe the testimony of plaintiff and its witnesses, it could reasonably have reached the conclusion that the damages suffered by plaintiff resulted from a breach by defendant of its oral warranty given at the time it *236 repaired and overhauled plaintiff’s tractor. We would be equally reluctant to set aside a verdict favorable to defendant had the jury seen fit to believe and accept the testimony adduced by defendant’s witnesses. Under these circumstances we hold that a jury question was created by the evidence and the trial court was correct in refusing to direct a verdict in defendant’s favor pursuant to the motions filed by it during the progress of the cause, and cannot be held in error for so doing.[2]
We have considered the remaining points raised by appellant, but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Section 85.25, Florida Statutes, F.S.A.

. Burch v. Strange, (Fla.App.1961) 126 So.2d 898; Kilgore Seed Company v. Pearce, (Fla.1958) 103 So.2d 112.