Argued May 5, affirmed July 29, 1970

# HUPP CORPORATION, *Respondent, v.*
# METERED WASHER SERVICE, *Appellant.*

472 P2d 816

*Vernon W. Robinson,* Bend, argued the cause and filed briefs for appellant.

*Charles E. Boardman,* Bend, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN, TONGUE* and HOWELL, Justices.

DENECKE, J.

The plaintiff commenced this proceeding by filing an action to recover the price of clothes dryer parts which were sold to the defendant. The defendant, in effect, counterclaimed, alleging (1) that the plaintiff had manufactured clothes dryers which were sold by a distributor to defendant and that such dryers were defective and (2) plaintiff subsequently had sold dryer parts to defendant which plaintiff expressly warranted would correct the defects in the dryers; however, the parts did not correct the defects and by reason of both deficiencies the defendant had suffered a loss of profits and expended sums in an attempt to correct the deficiencies.

The plaintiff's demurrer to the first charge, plaintiff's alleged liability as a manufacturer, was sustained. The case went to trial without a jury upon the second charge, plaintiff's alleged liability as a seller and warrantor, and the trial court found against the defendant who appeals.

The trial court was correct in sustaining plaintiff's demurrer.[1] The allegations of defendant's counterclaim are ambiguous; however, its counsel in his argument before the trial court and this court clearly stated its theory. The defendant is proceeding against the plaintiff as a manufacturer and not as an

---

* Tongue, J., did not participate in this decision.

[1] We assume, without deciding, that the defendant did not waive its claim against the plaintiff as a manufacturer by pleading over after plaintiff's demurrer was sustained.

immediate seller. Defendant is basing its claim upon the implied warranties of merchantability and fitness for a particular purpose. Such warranties are stated in the Uniform Commercial Code, ORS 72.3140 and 72.3150. Defendant's claim is for economic loss. Defendant's contention is that an ultimate purchaser can recover for economic loss upon the theory of implied warranty against a manufacturer although the property was not purchased directly from the manufacturer but through an intermediate seller. This court has decided to the contrary. *Price v. Gatlin*, 241 Or 315, 405 P2d 502 (1965); *State ex rel Western Seed v. Campbell*, 250 Or 262, 442 P2d 215, cert den 393 US 1093, 89 S Ct 862, 21 L Ed2d 784 (1969). A minority dissented in those cases; however, such decisions are now the law of this state.

On the second charge made by defendant, that the plaintiff breached the express warranty made when it sold the dryer parts to defendant, the trial court, in its oral opinion, found that no warranty had been made. There is evidence to support this finding. For example, the defendant's president testified: "Their [either the plaintiff or the distributor] exact words to me is this is a new problem because there aren't very many of these out commercially. And maybe, or we think that this might solve your problem."

Affirmed.