### ALLMAN v. WINN-DIXIE STORES, Inc.
No. 73-449-CA.
Circuit Court, St. Lucie County.
October 2, 1974.

Errol S. Willes of Willes, Bittan & Willes, Fort Pierce, for the plaintiff.

George H. Moss of Jones, Paine & Foster, Vero Beach, for the defendant.

JAMES E. ALDERMAN, Circuit Judge.

The defendant, Winn-Dixie Stores, Inc., has moved the court to set aside the final judgment rendered herein and to enter judgment non obstante veredicto in its favor on the grounds that there is no competent evidence to support the judgment.

The defendant relies on the case of Kroner v. Food Fair Stores, Inc., 184 So.2d 909 (1966), which holds that the plaintiff failed to establish negligence where she could only show that the cart over which she tripped was on the floor of the store a period of five to ten minutes. The object over which Mrs. Kroner tripped was not

a part of the usual equipment of the store and had no connection with the operation of the store.

The facts upon which the court found negligence against Winn-Dixie Stores, Inc. in this case are substantially different. Mr. Allman slipped and was injured as a result of spilled fluid on the floor from a broken bottle. The court found that this condition had existed on the floor at least five minutes before Mr. Allman fell. There is no evidence to show that the defendant caused the bottle to break, but the sound of the breaking bottle was heard by the store manager. He took no immediate action to remedy the dangerous situation which resulted from the broken bottle. By his own testimony, he continued with his normal duties for two or three minutes before he instructed a bag boy to go to the back of the store and clean up the mess. The sound of breaking glass put the defendant, through its store manager, on notice that a dangerous condition existed somewhere in the store. If the store manager had reacted immediately, rather than delaying, the injury to Mr. Allman might have been avoided.

In the *Kroner* case, supra, the object over which the plaintiff tripped was not a part of the usual equipment of the store and had no connection with the operation of the store, therefore, there was nothing to put the store on notice that a dangerous condition existed. In the present case, the sound of breaking glass immediately put the defendant on notice of a possible dangerous condition in the store. The court finds the delay of the store manager to act immediately to correct the condition was negligence. Five minutes was a sufficient time for the store's employees to locate and eliminate the dangerous condition resulting from the broken bottle.

Defendant's motion to set aside verdict and for judgment non obstante veredicto be and the same is hereby denied.