Submitted March 29, affirmed May 3, 1977

KAM, *Appellant,*
*v.*
GAUGHAN, *Respondent.*
(No. 74-0197, SC 24512)

and

KAM, *Appellant,*
*v.*
GAUGHAN, *Respondent.*
(No. 74-0198, SC 24513)

563 P2d 673

D. Richard Hammersley and Pozzi, Wilson & Atchison, Portland, for appellants.

Bryson & Robert, Eugene, and Calkins & Calkins, Eugene, for respondent.

Before Denecke, Chief Justice, and Holman, Tongue, Howell, Bryson, Lent and Davis, Justices.

TONGUE, J.

Davis, J., Pro Tempore, specially concurring.

## TONGUE, J.

These are two consolidated actions for damages for alleged medical malpractice. The cases were tried before a jury, which returned a verdict in favor of defendant. Plaintiffs filed a motion for a new trial, which was denied.

Plaintiffs then attempted to appeal by filing a notice of appeal stating that "the Court erred in denying plaintiff's motion for new trial," contrary to the well established rule that an appeal will not lie from the denial of such a motion.[1]

■ Plaintiffs next attempted by their brief as appellants in this court to assign as error an instruction given by the trial court without setting forth the instruction verbatim, together with the exception taken to that instruction, as required by Rule 6.18 and Appendix D of the Rules of Procedure of this court.[2] For that reason, plaintiffs' sole and only assignment of error is not entitled to consideration.[3]

■ Finally, the record shows that no exception was taken on trial to that instruction—a fact which would have been apparent had plaintiffs' assignment of error complied with the requirements of Rule 6.18. It is equally well established that this court will not ordinarily consider an error in instructions to the jury in the absence of a proper exception in the trial court.[4]

■ If this were an appeal by a defendant from a money judgment in favor of plaintiff, we would assess a

---

[1] See Erwin v. Thomas, 267 Or 311, 312-14, 516 P2d 1279 (1973), and cases cited therein.

[2] Rule 6.18 of the Rules of Procedure of this court provides:

"* * * The assignment of error must be specific and must set out verbatim the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

[3] See Roshak v. Leathers, 277 Or 207, 216-18, 560 P2d 275 (1977), and Elvalsons v. Industrial Covers, Inc., 269 Or 441, 443-44, 525 P2d 105 (1974).

[4] See Jones v. Mitchell Bros., 266 Or 513, 523, 511 P2d 347, 514 P2d 350 (1973), and cases cited therein.

penalty of 10 per cent for the filing of an appeal without "probable cause for taking the appeal," under the terms of ORS 19.160.[5] Because this is an appeal by plaintiffs from a judgment in favor of a defendant, no such remedy is available.

The bar of this state must recognize, however, that with the ever-increasing volume of appeals to this court, time is simply not available for members of this court to give consideration to appeals which so clearly have no merit.[6]

The judgment of the trial court is affirmed.

**DAVIS, J.,** Pro Tempore, specially concurring.

The basis of this appeal is without *any* merit whatsoever, and I would not dignify it with an opinion. The time spent on appeals such as this detracts from the time needed to consider meritorious cases presented to this court.

---

[5] *See Stirling v. Dari-Delite, Inc.,* 262 Or 359, 365-66, 491 P2d 1168, 494 P2d 252, 498 P2d 753 (1972).

[6] *Cf. Roshak v. Leathers, supra* note 3, at 218.