Argued December 6, 1977, affirmed February 22, 1978

DAVIS et ux, *Appellants,*

*v.*

HOMASOTE COMPANY et al, *Respondents.*

(TC 401-934, SC 24614)

574 P2d 1116

Norman L. Lindstedt, of Lindstedt & Buono, Portland, argued the cause and filed the brief for appellants.

L. M. Schouboe, P.C., of Schouboe & Marvin, Portland, argued the cause for respondent Homasote Company. On the brief was James H. Marvin, of Schouboe & Marvin, Portland.

TONGUE, J.

## TONGUE, J.

This is a products liability action in which plaintiffs appeal from a judgment for defendant Homasote Company. Plaintiffs claimed damages resulting from the use of 1-inch floor decking in the construction of a 48-unit apartment complex. The product was manufactured by the defendant Homasote Company, a New Jersey corporation, and was sold to Davis by Homasote's distributor, North Pacific Lumber Company.[1]

Plaintiffs alleged that the product was represented by defendant to be a "weather proof structural subfloor" and "sound deadening carpet underlayment" suitable for use in the construction of the apartments, but that it did not conform with such warranties and was not suitable for such use. Plaintiffs claimed $150,000 in damages as the difference between the present value of the apartments and their value if the product had been as represented, plus $73,315.37 in lost rentals, and $20,000 as cost of "sound reduction expense."

Plaintiffs not only relied upon contentions of express warranty, but also implied warranty of fitness, implied warranty of merchantability, and negligence. Defendant denied liability and contended that plaintiffs' damage was due to their own misuse of the product and their own negligence.[2] The trial court withdrew plaintiffs' contention of implied warranty from the jury and submitted to it plaintiffs' contentions of express warranty and negligence. The jury returned special findings to the effect that defendant gave no express warranties; that plaintiffs misused the product; that defendant was not negligent; and that plaintiffs were negligent.

Plaintiffs' first two assignments of error are that the trial court erred in withdrawing from the jury

[1] Plaintiffs settled with defendant North Pacific Lumber Company during trial.

[2] The case was tried under a pretrial order which set forth the contentions of each party.

plaintiffs' contentions of implied warranty of merchantability[3] and implied warranty of fitness for a particular purpose.[4]

■■ Plaintiffs purchased the product from Homasote's distributor, not from Homasote itself. Thus, there was no "privity of contract" between plaintiffs and Homasote. This court has adhered to the rule that privity of contract is essential before a purchaser can recover economic loss from a manufacturer for breach of implied warranty. *See State ex rel Western Seed v. Campbell,* 250 Or 262, 268, 442 P2d 215 (1968); *Hupp Corp. v. Metered Washer Service,* 256 Or 245, 247, 472 P2d 816 (1970). We recognize that there is a split of authority on this question. *See* dissenting opinions by O'Connell, J., in *Western Seed* (at 275), and in *Price v. Gatlin,* 241 Or 315, 319, 405 P2d 502 (1965). *See also* Annot., 16 ALR3d 683, 699-703 (1967). As stated, however, in *Hupp Corp.* (at 247) the requirement of privity of contract is "the law of this state," as applied to facts such as those involved in this case.[5]

Plaintiffs next contend that the trial court erred in allowing jury consideration of various allegations of contributory negligence. Plaintiffs claim, among other things, that they had no duty to seek the advice of an architect or designer before purchasing or installing the floor decking and no duty to use "resilient channels" described in defendant's instruction brochure.

■ In *Adair, Adm'x v. Valley Flying Service,* 196 Or 479, 484-85, 250 P2d 104 (1952), we said that:

> "Contributory negligence is the neglect of the duty imposed upon all men to observe ordinary care for their own safety. * * *"

The question is not whether plaintiffs had a "duty," as such, to seek such advice or to use such "resilient

[3] ORS 72.3140.

[4] ORS 72.3150.

[5] We are not persuaded by plaintiffs' contention that Homasote was not a "remote" seller because plaintiffs were "bargaining and dealing with defendant's agent." To say that a manufacturer is "remote" is just another method of saying that there is no privity of contract.

channels," but whether plaintiffs' conduct fell below the standard of care imposed upon all men to observe ordinary care in conduct of their affairs. That question was one for the jury to decide, under the evidence in this case. The jury specifically found, in response to a special interrogatory, that plaintiffs were "negligent in one or more of the respects claimed by defendant * * *."[6]

■ Plaintiffs next contend that the trial court should have admitted the testimony of three witnesses. In plaintiffs' offer of proof the first witness testifed that he was a builder who had installed Homasote $1^{11}/_{32}$-inch floor decking in another project and had experienced problems similar to those of plaintiffs. The trial court refused to allow the testimony because the product plaintiffs used was Homasote 1-inch floor decking and because there was no competent testimony that the two products were substantially similar.

■ Although evidence of "prior accidents" is sometimes admissible in negligence and products liability cases, such evidence will not be received until it is demonstrated that the "prior accidents" occurred under similar conditions and circumstances. *Rader v. Gibbons and Reed Company,* 261 Or 354, 359, 494 P2d 412 (1972). The ascertainment of similarity of conditions is ordinarily entrusted to the discretion of the trial judge. *Lee v. Meier & Frank Co.,* 166 Or 600, 611, 114 P2d 136 (1941). We hold that the trial court did not abuse its discretion in refusing to admit the testimony of this witness.

For the same reasons, we also hold that the court did not abuse its discretion by refusing to admit the

[6]Plaintiffs' other assignments of error relating to contributory negligence also raise questions of fact. Plaintiffs contend that they were not negligent in failing to notice that the instruction brochure expressly did not guarantee "field performance." Again the resolution of this question was a question for the jury. Plaintiffs also assert that there was no credible evidence of improper installation of the floor decking. We have reviewed the record and have found evidence from which the jury could have properly found that the product was negligently installed.

testimony of another witness that he had installed Homasote 1-inch floor decking in his apartment house with resulting problems of sound transmission. As noted by the trial court, that witness was testifying as to "another job built with different plans in a different location." Plaintiffs also assign as error the exclusion of similar testimony by a third witness. In support of that assignment plaintiffs make similar contentions, which we hold to have no merit for these same reasons.

Plaintiffs next contend that the trial court erred in refusing to order "inquiry of the jurors, or the foreman, to determine whether misconduct occurred in deliberations." In particular, plaintiffs contend that it was impossible for the jury to examine all the exhibits and review all the evidence in the time spent in its deliberations; that the foreman did not know the meaning of the word "unanimous" and answered affirmatively when asked if the verdict was unanimous, although "probably" three of the jurors disagreed with the verdict; and that the jury was "intimidated" because one of its members was fined $50 for being late for court in another trial some two weeks earlier.

■  The trial court denied plaintiffs' motion upon the ground that a jury is not required to spend any particular amount of time in deliberations; that neither attorney asked that the jurors be polled; that in any event, a 9-3 verdict would have been a valid verdict; and that it was completely unlikely that the jury was intimidated by some earlier event in view of the slow and methodical trial without "discernible tension or stress." We agree with these conclusions of the trial court.

■  Finally, plaintiffs contend that the trial court erred in refusing to grant a motion for a new trial because of "insufficiency of evidence and errors at law." The denial of a motion for a new trial upon such grounds

cannot be assigned as error. *Kam v. Gaughan,* 278 Or 165, 563 P2d 673 (1977).

For all of these reasons the judgment is affirmed.