363 So.2d 586 (1978)
Deborah F. LEE, Individually and As Administratrix of the Estate of William M. Lee, Jr., Deceased, Appellant,
v.
C & P SERVICE CORPORATION and the Travelers Indemnity Company, Appellees.
No. 77-1273.
District Court of Appeal of Florida, Third District.
October 17, 1978.
Rehearing Denied November 17, 1978.
*587 Bartel & Shuford and Stanley Jay Bartel, Morgan, Lewis & Bockius and Paul J. Levine, Miami, for appellant.
High, Stack, Lazenby & Bender and Alan R. Dakan, Miami, for appellees.
Before HENDRY and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
From a judgment entered on a jury verdict in favor of defendants C & P Service Corporation and its insurer The Travelers Indemnity Company, in this wrongful death action, the plaintiff appealed.
The plaintiff's decedent, while at rest on a motorcycle at an intersection, was struck and killed by a truck. The cause of the accident was due to failure of the truck's hydraulic brakes. The owner of that and certain other trucks used C & P to gas the trucks and to perform service on them. The brakes on this truck had operated, but for some time had been leaking or losing some brake fluid, for which C & P had added or "topped off" the brake fluid from time to time, including on the morning of the day in the afternoon of which this unfortunate accident occurred.
In plaintiff's action against C & P, recovery was sought on separate counts of negligence, gross negligence, strict liability, negligence per se, and on breach of warranty.
On this appeal the appellants contend that the trial court erred in refusing requested charges to the jury on the above mentioned claims other than on negligence, and contend the verdict absolving the defendant C & P of negligence was contrary to the manifest weight of the evidence. On consideration of those contentions in light of the record, briefs and argument, we hold they are without merit.
First, as to negligence of the defendant C & P the evidence relating to that issue was in conflict. It would serve no useful purpose here to restate the evidence. A material fact not in dispute was that C & P had not overhauled the brake system. It did not disassemble or reassemble the brakes. It had only added brake fluid. In short, the conflict was that plaintiffs' evidence was to the effect that in the truckowner's dealing with C & P, the latter was to inspect for defects and undertake to make any indicated repairs, whereas the evidence of C & P was to the contrary and to the effect that it was told to make only those repairs which the owner directed. It was within the province of the jury to resolve the conflicts in the evidence, and the verdict rendered on the issues relating to negligence was amply supported by evidence.
At trial the court struck the claim for punitive damages based on claim of gross negligence. In view of the verdict in favor of the defendant C & P on simple negligence, that action of the court was not error.
The refusal of the court to charge the jury on the other asserted grounds for relief was not error.
Strict liability was not involved. Appellant argued that strict liability was *588 imposed on the C & P serviceman by Section 316.261, Florida Statutes (1975), which required motor vehicles operating on a highway to be equipped with brakes as legally required. As pointed out by appellees, the mandate of that section of the statute is directed to the owner-operator of a vehicle on the highway, rather than to some other person who may have serviced the vehicle. Whether or not by that section of the statute an operator of a motor vehicle on the highway in violation thereof is guilty of negligence per se is a question on which we need not express opinion in this case.
The court properly refused to give jury charges on implied or express warranty. The sections of the Uniform Commercial Code relating to implied warranty relied on by appellant [Sections 672.314 and 672.315, Florida Statutes (1977)] which relate to a seller of goods are not applicable here. See Audlane Lumber & Builders Supply, Inc., v. D.E. Britt Associates, Inc., 168 So.2d 333 (Fla.3d DCA 1974).
There was no evidence of an express warranty by C & P such as could prompt or justify a charge thereon. C & P had not overhauled and did not disassemble and reassemble the brake system. What it did was add to the brake fluid. That distinguishes this case from Diesel Engine Repair Corp. v. Southern Steel Construction Co., 222 So.2d 234 (Fla.1st DCA 1969), where a repairman after overhauling a diesel tractor orally expressly warranted the labor performed by it for ninety (90) days, and the parts furnished in overhauling the diesel tractor for a distance of 100,000 miles.
Here, although contradicted, there was testimony that on the day involved, after an employee of C & P added the brake fluid he stated to the driver of the truck, in effect, that the brakes were in good condition and should give no trouble. In the circumstances, that was not an express warranty, it was only an expression of an opinion by the serviceman. See Keating v. DeArment, 193 So.2d 694, 696 (Fla.2d DCA 1967); Olin Mathieson Chemical Corporation v. Moushon, 93 Ill. App.2d 280, 235 N.E.2d 263 (1968); Hupp Corporation v. Metered Washer Service, 256 Or. 245, 472 P.2d 816 (1970); Welch Veterinary Supply Company v. Martin, 313 S.W.2d 111 (Tex. Civ.App. 1958); 67 Am.Jur.2d, Sales § 445 (1973).
No reversible error having been shown, the judgment is affirmed.
Affirmed.