Argued and submitted October 31, 1984, affirmed April 10, 1985

# DRAVO EQUIPMENT COMPANY,
## dba Dravo Cal-Ore,
*Appellant,*

*v.*

# GERMAN et al,
*Respondents.*

(80-4253-NJ-1; CA A31066)

698 P2d 63

Lee A. Mills, Medford, argued the cause for appellant. With him on the brief was Brophy, Wilson & Duhaime, Medford.

No appearance for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff appeals from an adverse judgment in this action to foreclose a nonpossessory lien. The sole issue is whether defendants German and Hunter were entitled to raise an express warranty as a defense when they were not parties to it. We hold that privity is not required to recover economic loss on an express warranty. Accordingly, we affirm.

Plaintiff is an equipment company which operates out of Medford. It sold a used tractor with a rebuilt engine to defendants Brooks, Boyer[1] and Bismark (BB&B) in April, 1979. BB&B obtained an express warranty on the tractor's engine, which provided: "This price includes new, rebuilt engine and to carry 1500 hours of 100 percent engine warranty." The trial court found that the warranty, which was written in longhand on a standard sales agreement, was a separately bargained for contractual right and was not just incidental to the purchase of the tractor. The agreement was silent as to the transferability of the warranty.

In January, 1980, BB&B sold their rock crushing business, including the tractor, to defendants German and Hunter (defendants), who thereafter operated the business as Modoc Rock. During the course of negotiating the sale, defendants were shown a copy of the engine warranty by BB&B. Defendant German testified that, after the negotiations, it was his understanding that the warranty was valid for 1500 hours and that he and Hunter checked the hour meter to make sure that the engine was still within the warranty period.

Ultimately, the tractor engine seized up and was taken by defendants to plaintiff for repairs. From the beginning, defendants were adamant that any repairs were covered by the warranty. Plaintiff's employes deny ever having conceded that point to defendants. In any event, the nature of the engine malfunction was quite serious. Owing to the importance of repairing the tractor as quickly as possible, it was decided to replace the engine with a rebuilt one. After that was completed, defendants refused to pay. Plaintiff offered to

---

[1] Defendant Sam B. Davis is the personal representative of the estate of Robert A. Boyer. For simplicity's sake, we will refer to Boyer as though he were a party rather than to Davis.

accept 50 percent as payment, but that offer was refused also. Defendants regained possession of the tractor and, sometime later, plaintiff filed a nonpossessory lien and initiated this suit against BB&B and defendants. Defendants raised the warranty as a defense and counterclaimed for damage to their credit reputation. The trial judge found that defendants were entitled to enforce the warranty and, accordingly, ruled that plaintiff was not entitled to recover anything against defendants or BB&B. The judge also ruled against defendants on their counterclaim.

On appeal, plaintiff urges that defendants were not entitled to enforce the warranty, because they were not privy to the transaction in which the warranty was given.[2] Thus, the single issue we need to address is whether privity of contract is required to enforce an express warranty in order to recover for purely economic loss. The issue is new to the Oregon courts. The Oregon Uniform Commercial Code contains certain provisions relating to warranties. ORS 72.3180 provides:

> "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

Under this section, a seller's warranty extends beyond the buyer only in cases involving personal injuries and then only to a limited number of people. However, that limitation is not dispositive. It is important to note that the official commentary to the UCC provides at subparagraph (3):

> "ORS 72.3180 expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain."

Accordingly, we need to look at the case law to ascertain whether the warranty in this case can extend to remote purchasers like defendants. In *Hupp Corp. v. Metered*

---

[2] In its second assignment, plaintiff urges that it was error to grant judgment in favor of defendants, because they lacked privity. Our resolution of the first assignment necessarily resolves the second.

*Washer Service,* 256 Or 245, 472 P2d 816 (1970), the court addressed whether

> "* * * an ultimate purchaser can recover economic loss upon the theory of implied warranty against a manufacturer although the property was not purchased directly from the manufacturer but through an intermediate seller. * * *" 256 Or at 247.

The court concluded that he could not. The same issue arose in *Davis v. Homesote Company,* 281 Or 383, 574 P2d 1116 (1978). In that case, an owner of an apartment complex installed a subfloor building material manufactured by the defendant, which was supposed to be weatherproof and act as a sound buffer. The material, which was purchased through a distributor and not directly from the defendant, allegedly did not perform as promised. The plaintiff brought an action against the manufacturer for breach of implied warranties of fitness and merchantability. The claims were dismissed by the trial court. The Supreme Court adhered to its rule that privity of contract is essential before a purchaser can recover economic loss from a manufacturer for breach of an implied warranty. 281 Or at 386.

These two cases represent the current status of the law in Oregon. No appellate case has overruled the requirement for privity in a breach of implied warranty case where damages for economic loss were sought. Although defendant's loss was economic, we do not believe that the rule developed for implied warranties is necessarily applicable to the express warranty in the case.[3]

Implied warranties are imposed on the seller. They arise from the circumstances of a transaction as a matter of law. *See* ORS 72.3140 and 72.3150. Accordingly, it makes sense, when not dealing with personal injuries, that implied warranties should not extend beyond the transaction in which the law imposes them. By contrast, express warranties are created by the express representations of the seller. *See* ORS

---

[3] *But see Colvin v. FMC Corporation,* 43 Or App 709, 716, 604 P2d 157 (1979) (dictum):

> "While the Supreme Court has not spoken to the question of whether privity is a prerequisite to liability in cases of *personal* injury, it has spoken clearly to the same question where only *economic* injury is alleged: privity is necessary. * * *"

72.3130. A seller, as the master of a warranty's destiny, is free to make it as broad or as narrow as it chooses. Express warranties can be limited in effect, duration and transferability. Because the seller is free to create an express warranty in any fashion it chooses, there is no reason why the warranty should not extend to remote purchasers when it is not so limited.

■   The express warranty in this case provided that the tractor engine was guaranteed for 1500 hours. Its enforceability was not expressly limited to BB&B, nor did plaintiff restrict its transferability. The only limiting factor was its duration. Defendants' purchase of the tractor and the engine breakdown clearly occurred within that time limit. Given the unrestricted terms of the warranty, there appears to be no reason why it cannot be enforced by defendants.[4]

White & Summers, Uniform Commercial Code § 11-5 (1980), says that, unless a buyer can show actual reliance on express representations by the remote seller, the buyer cannot maintain an action for breach of an express warranty to recover direct economic loss (*i.e.*, loss of the bargain) in the absence of privity. *See also Randy Knitwear, Inc. v. American Cyanamid Com.*, 11 NY2d 5, 226 NYS2d 363 (1962). Even if that were the rule, which we need not decide, defendants did rely on plaintiff's express representations. They were shown a copy of the warranty that expressly warranted the tractor engine for 1500 hours and they checked to make sure that the engine was still within that period. Plaintiff's warranty was relayed to defendants by BB&B, but plaintiff created the warranty and was free to limit it in any way it chose. The warranty was not limited, and defendants' reliance on it was reasonable.

We hold that defendants were entitled to enforce the

---

[4] Of course, we can envision a situation when extending the warranty to a remote purchaser would so change the character and nature of the seller's performance that it would be beyond the seller's contemplation when it made the warranty. For example, had BB&B been a nonindustrial consumer, its subsequent sale of the tractor to defendants for use in a rock crushing business might have dictated a different result. Under those circumstances, the more intensive use to which the tractor would have been put by defendants would have been far different than what plaintiff and BB&B originally bargained for. However, that is not the case here, where defendants' use of the tractor was identical to BB&B's.

express engine warranty, even though they were not in privity and their loss was only economic.[5]

Affirmed.

---

[5] Several states have abolished the privity requirement in suits for economic loss for both express and implied warranties. *See, e.g., Morrow v. New Moon Homes, Inc.,* 548 P2d 279 (Alas 1976); *Hiles Co. v. Johnston Pump Co.,* 93 Nev 73, 560 P2d 154 (1977); *Gasque v. Eagle Machine Co., Limited,* 270 SC 499, 243 SE2d 831 (1978); *Kure v. Chevrolet Motor Division,* 581 P2d 603 (Wyo 1978).