Argued and submitted September 14, 1990, reversed and remanded January 23, 1991

ROUGH & READY LUMBER CO.,
*Appellant,*

*v.*

BLUE SKY FOREST PRODUCTS,
*Respondent,*
FACTORY WOODS, INC.,
Lumoco, Inc., and E. Dean DeBerry,
*Defendants.*

BLUE SKY FOREST PRODUCTS,
*Third Party Plaintiff,*

*v.*

Donald FOWLER,
*Third Party Defendant.*

(87-206-J-1; CA A62377)

804 P2d 498

Walter L. Cauble, Grants Pass, argued the cause for appellant. With him on the briefs was Schultz, Salisbury, Cauble & Versteeg, Grants Pass.

Warren John West, Bend, argued the cause for respondent. With him on the brief was Law Office of Warren John West, Bend.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff appeals from a judgment on a directed verdict for Blue Sky Forest Products (defendant). A directed verdict is proper only when reasonable people could draw but one conclusion from the evidence. *James v. Carnation Co.,* 278 Or 65, 69, 562 P2d 1192 (1977). We review the evidence in the light most favorable to plaintiff to decide whether a jury could reasonably have concluded that it should prevail. *Paulson v. Western Life Insurance Co.,* 292 Or 38, 40 n 1, 636 P2d 935 (1981).

Defendant is a lumber broker. Plaintiff is a lumber mill operator. In the fall of 1986, Miller, a representative of defendant, and Fowler and DeBerry, representatives of Lumoco, Inc., a defendant that is not involved in this appeal, met in Bend to discuss Lumoco's manufacturing plant in White City and how to get it operational after it had been closed down for a while. It was decided that defendant would purchase raw materials for the plant, mark up their cost and resell them to Lumoco. It was also decided that DeBerry, as general manager of Lumoco, would place the orders for lumber.

After that meeting, DeBerry contacted plaintiff's sales manager, Fox, and informed him that he would be representing defendant and would place orders for lumber, which plaintiff would ship directly to Lumoco in White City. He also instructed Fox to send the invoices to Lumoco for DeBerry to check, after which he would forward them to defendant for payment. DeBerry told Fox that defendant would pay the invoices. Relying on DeBerry's representations, plaintiff checked defendant's credit rating and found it satisfactory. There had been no discussion about who would supply the numbers for purchase orders, which in the lumber brokerage business constitute commitments to purchase.

When DeBerry called with an order, plaintiff would set the price, DeBerry would supply a Lumoco purchase order number, and that number usually would be indicated on the invoice that plaintiff would send to DeBerry within one day after shipment. The invoices all named defendant, not Lumoco, as the purchaser. DeBerry eventually placed a total of 16 orders with plaintiff; they were all shipped to Lumoco between November 4 and December 30, 1986. The first two

invoices contained *only* Lumoco purchase order numbers, although they were not designated as such. Sometime after those shipments, defendant mailed plaintiff six purchase order numbers, which were defendant's numbers. The numbers were intended to encompass nine orders, including the first two. The next five invoices from plaintiff contained defendant's numbers; two also had Lumoco numbers. The last nine invoices had only Lumoco numbers. Defendant paid the first nine invoices. In total, defendant paid four invoices that did not contain its own numbers and five invoices that did.

In early December, 1986, defendant informed De-Berry that it would not purchase any more lumber for Lumoco, which had already exceeded defendant's $60,000 limit and was not paying defendant as agreed. DeBerry, however, placed seven more orders without telling plaintiff that defendant would no longer pay. When plaintiff did not receive payment by early January, 1987, it contacted DeBerry and only then learned that defendant would not pay for lumber any more. Plaintiff eventually received payment from Lumoco for only three of the last seven shipments.

Plaintiff brought this action against defendant, Lumoco and DeBerry to recover $53,860.71. Default judgments were entered against Lumoco and DeBerry. At the close of plaintiff's case-in-chief, defendant moved for a directed verdict. The trial court concluded that there was no evidence that could support a finding that DeBerry had actual or apparent authority to bind defendant and directed a verdict for defendant.

Plaintiff argues that there was sufficient evidence from which the jury could have found that DeBerry had actual authority to purchase lumber for defendant. It contends that there was evidence that defendant and Lumoco agreed that defendant would purchase the lumber from plaintiff and that DeBerry would place the orders. Plaintiff also points to evidence that DeBerry told it that he was representing defendant and that defendant was paying for the lumber; that plaintiff checked defendant's credit and relied on it in filling orders placed by DeBerry; and that defendant paid all invoices for orders that DeBerry made until, without notice to plaintiff, it terminated his authority.

Defendant argues that the evidence is that DeBerry

never had any authority to issue defendant's purchase order numbers, which is the only way that it could be bound to pay. It points to DeBerry's testimony that he was never given authority to issue defendant's numbers. It also argues that, for every invoice that it paid, it had issued a purchase order number. It urges that the only rational conclusion from the evidence is that DeBerry had no authority to bind defendant on his own.

"Agency is the fiduciary relation [that] results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Restatement (Second) Agency* § 1 (1958). "Authority is the power of the agent to affect the legal relations of the principal by acts done in accordance with the principal's manifestations of consent to him." *Restatement (Second) Agency* § 7 (1958); *see also Wiggins v. Barrett & Associates, Inc.,* 295 Or 679, 686, 669 P2d 1132 (1983). Although the trial court concluded that there was not sufficient evidence that DeBerry had actual authority to bind defendant, there was evidence that defendant allowed DeBerry to place orders for lumber for which it intended to be bound to pay. The jury could find a "manifestation of consent" from defendant that DeBerry act for it in purchasing the lumber. That defendant did not authorize DeBerry to issue its purchase order numbers is not conclusive that DeBerry had no actual authority.

Plaintiff also argues that, whether DeBerry had actual authority or not, defendant knowingly permitted him to act as if he had authority. Because it was not notified that his authority to place orders had been terminated, his subsequent purchases were made while he was clothed with apparent authority. It urges that the evidence is that purchase order numbers had no controlling significance in the transactions, because defendant paid invoices containing only Lumoco purchase order numbers as well as invoices with defendant's numbers. Plaintiff contends that it proved that it relied on DeBerry's representations that defendant was responsible for paying and that those representations were supported by the fact that defendant paid invoices.

Defendant argues that it at no time directly contacted plaintiff, nor plaintiff it, before January, 1987. It claims that

the evidence shows that it intended to be responsible only for invoices for which it had issued purchase order numbers and that its conduct did not indicate that it would be bound by DeBerry's actions without its own numbers.

■      Apparent authority is created by a principal's conduct that causes a third party reasonably to believe that it has consented to the agent's act and if the third party relies on that belief. *Badger v. Paulson Investment Co., Inc.,* 311 Or 14, 24, 803 P2d 1178 (1991); *Jones v. Nunley,* 274 Or 591, 595, 547 P2d 616 (1976). The trial court concluded that defendant was bound only to pay invoices for which it had issued numbers and, thus, that there was no evidence to support apparent authority for the orders made without its purchase order numbers. However, there was evidence of conduct by defendant that would have permitted the jury to find apparent authority: initially allowing DeBerry to give orders without its purchase order numbers; paying invoices that did not contain its own purchase order numbers; and failing to notify plaintiff of its termination of the financing arrangement with Lumoco. Even though there is contrary evidence,[1] it is the reasonableness of plaintiff's belief about DeBerry's authority, and of its reliance on the appearance of authority when it sent the shipments that must be proved by the evidence. There was evidence from which the jury could have found apparent authority in DeBerry to bind defendant. The granting of the directed verdict was error.

Reversed and remanded.

---

[1] Defendant points to testimony by plaintiff's president, Klauss, in which he said that he considered defendant to be a guarantor. If, in fact, plaintiff believed that defendant was only a guarantor, not a purchaser, it could not reasonably have believed that defendant gave DeBerry authority. However, that testimony is not dispositive. It is a question of fact for the jury whether plaintiff believed that DeBerry had authority.