Argued and submitted May 3, 1993, reversed and remanded in part; otherwise
affirmed May 4, 1994

Cecil LARRISON,
*Appellant,*

*v.*

MOVING FLOORS, INC.,
an Oregon corporation,
*Respondent.*

(C92-0259CV; CA A77327)

873 P2d 1092

Kim E. Hoyt argued the cause for appellant. With her on the briefs was Ferder, Ogdahl, Brandt & Casebeer.

Kim T. Buckley argued the cause for respondent. With him on the brief was Esler, Stephens & Buckley.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals from a summary judgment entered in favor of defendant. We affirm in part and reverse in part.

Defendant Moving Floors, Inc. (MFI) manufactures "live floor" systems for truck trailers. Those systems enable the hydraulic loading and unloading of materials hauled in the trailers. Peerless Corporation (Peerless) manufactures and sells truck trailers. On various occasions over a four-year period, it purchased MFI live floor systems and installed them in truck trailers that it sold to the general public. During those four years, Peerless representatives visited the MFI plant and received from MFI floor samples and price sheets to show to potential Peerless customers. In 1989, plaintiff contacted Peerless for the purpose of purchasing a trailer with a live floor system. Plaintiff requested assurances from Peerless that the trailer he purchased would be suitable for his needs, which included transporting wood residuals, pumice and pallet materials.

Representatives of Peerless contacted MFI to determine whether the MFI live floor system would meet plaintiff's needs, and upon receiving assurances from at least two employees of MFI, the Peerless representatives told plaintiff that the MFI system would be suitable. Plaintiff says that he also directly telephoned Olof Hallstrom, MFI's president, to obtain assurances about the suitability of the MFI system, and that "MFI expressly warranted to me that their live floor system would address my specifications." MFI denies that any such conversation took place.

Plaintiff purchased the trailer with the MFI live floor system from Peerless. The system ultimately malfunctioned. Plaintiff sued MFI for rescission of the trailer purchase agreement and for damages based on breach of express warranty and breach of the covenant of good faith. MFI moved for summary judgment. The trial court granted the motion and entered judgment in MFI's favor on all three claims.

We review a summary judgment to determine whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Park v. Hoffard*, 315 Or 624, 627, 847 P2d 852 (1993). In his first claim, plaintiff alleges a right to rescind the

contract for the purchase of the truck trailer. MFI argues that plaintiff cannot maintain a claim against it for rescission as a matter of law, because plaintiff purchased the truck trailer from Peerless, not from MFI. Plaintiff argues that there exist genuine issues of material fact concerning whether Peerless sold the truck trailer as an agent of MFI. Plaintiff asserts that the facts supporting at least the inference that Peerless acted as MFI's agent are that MFI sold live floor systems to Peerless for approximately four years, that MFI left multiple cross-section floor samples and price sheets with Peerless so that Peerless could demonstrate the MFI live floor system, and that MFI invited Peerless representatives to examine MFI's live floor system.

■　　The right to rescind a contract presupposes a valid, enforceable agreement between the parties. *Reynolds Aluminum v. Multnomah Co.*, 206 Or 602, 614, 287 P2d 921 (1955), *cert den* 350 US 970 (1956). It is undisputed that, unless Peerless sold plaintiff his truck trailer as MFI's agent, MFI is not a party to the contract and rescission is not available. Consequently, the only issue is whether the facts reasonably permit the inference that Peerless sold the trailer as MFI's agent.

Agency is the fiduciary relationship that

" 'results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.' " *Rough & Ready Lumber v. Blue Sky Forest Products*, 105 Or App 227, 231, 804 P2d 498 (1991) (quoting *Restatement (Second) Agency* § 1 (1958)).

An agency relationship may be evidenced by an express agreement between the parties, or it may be implied from the circumstances and the conduct of the parties. *Durham v. Warnberg*, 62 Or App 378, 382, 660 P2d 208 (1983). In all cases, however, both the principal's consent to the agency and the principal's right to control the agent are essential elements of the relationship. *Cain v. Rijken*, 300 Or 706, 713, 717 P2d 140 (1986); *Mid-River Transportation Services, Inc. v. VanPelt*, 121 Or App 532, 536, 854 P2d 506, *rev den* 318 Or 97 (1993).

In this case, there is evidence that Peerless sold MFI's product, that it received samples and price sheets and that its representatives toured MFI's plant. That evidence, however, has nothing to do with MFI's consent to an agency relationship or its right to control Peerless, and it permits no reasonable inferences concerning either of those essential elements of an agency relationship.

Plaintiff argues that the facts give rise to an inference that Peerless had at least apparent authority to sell the truck trailer as MFI's agent. However, apparent authority exists only when the principal acts in such a way as to cause a reasonable person to believe that the agent is authorized to act on the principal's behalf. *Badger v. Paulson Investment Co., Inc.*, 311 Or 14, 24, 803 P2d 1178 (1991). Once again, the evidence in this case shows only that Peerless sold trucks that incorporated MFI products, that it received samples and price sheets from MFI and that Peerless representatives toured MFI's plant. Granting plaintiff every reasonable inference, that evidence is insufficient to raise a jury question as to whether MFI acted in such a way as to create the impression that Peerless acted on its behalf. In short, there is no genuine dispute as to whether Peerless sold plaintiff the truck trailer as MFI's agent. As a matter of law, therefore, MFI was not a party to the contract between plaintiff and Peerless, and the trial court did not err in granting summary judgment on the claim against MFI for rescission of that contract.

█    In his second claim, plaintiff alleges that he is entitled to damages on a breach of express warranty theory. MFI argues that the claim fails as a matter of law, because there is no evidence that it ever made an express warranty to plaintiff. Plaintiff counters that MFI's president, Hallstrom, made the express warranty of suitability. MFI denies that Hallstrom ever expressed any warranties to plaintiff.

█    There are two prerequisites to a claim for breach of an express warranty. First, there must be an affirmation of fact or description of the goods by the seller. Second, that factual affirmation or description must be the "basis of the bargain." ORS 72.3130(1)(a); *Autzen v. Taylor Lumber Sales, Inc.*, 280 Or 783, 790, 572 P2d 1322 (1977). Privity of contract is not required. *Dravo Equipment Co. v. German*, 73 Or App 165, 169-70, 698 P2d 63 (1985).

There is sufficient evidence to create a jury question on both prerequisites. Plaintiff testified that he personally telephoned Hallstrom and others at MFI "on numerous occasions," that MFI "expressly warranted to me that their live floor system would address my specifications," and that he would not have purchased a system that could not meet his specifications. MFI denies that any of its representatives expressed any warranties to plaintiff. That, however, is precisely the sort of conflict in the evidence that plaintiff is entitled to have a jury resolve. MFI insists that the alleged warranties are insufficient as a matter of law, because plaintiff failed to identify the precise date they were given. Without identifying the date of the conversations, MFI argues, it cannot be established that they were the "basis of the bargain."

We are unpersuaded. The timing of the expression of a warranty is not necessarily dispositive. In *Autzen v. Taylor Lumber Sales, Inc., supra*, for example, the Supreme Court rejected the defendant's argument that a warranty given several days after acceptance of an offer to purchase a boat could not have been a basis of the bargain. The issue, the court said, was one for the jury to decide. 280 Or at 790. Moreover, viewed in context, plaintiff's testimony permits a reasonable inference that the conversations with Hallstrom and other representatives at MFI took place before the sale of the truck trailer. The trial court, therefore, erred in granting summary judgment on plaintiff's second claim.

In his third claim, plaintiff alleges that MFI breached the duty of good faith imposed by the Uniform Commercial Code. ORS 71.2030.[1] MFI argues that the claim cannot be maintained as a matter of law, because MFI was not a party to a contract with plaintiff. Plaintiff does not directly respond to that argument and apparently assumes that he did, in fact, enter into a contract with MFI through its agent, Peerless.

We have already held, as a matter of law, that MFI was not a party to a contract with plaintiff. The trial court,

---

[1] ORS 71.2030 provides that

"[e]very contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance or enforcement."

therefore, did not err in granting summary judgment on plaintiff's third claim.

Judgment on claim for breach of express warranty reversed and remanded; otherwise affirmed.