NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRE WONG; et al., | No. 22-56113 |
| Plaintiffs-Appellants, | D.C. Nos. |
| v. | 2:19-cv-10537-JLS-KES |
| AMERICAN HONDA MOTOR CO., INC., a Delaware corporation; DOES, 1 through 50, inclusive, | 2:21-cv-04030-JLS-KES |
| | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 6, 2024
Pasadena, California

Before:  WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Twenty-one consumers who purchased Honda Civics from various

dealerships ("Appellants") appeal parts of the district court's order dismissing their

claims against American Honda Motor Co., Inc. ("Honda").  In their putative class

action, Appellants asserted several claims against Honda based on the core

allegations that Honda designed and manufactured various models of Honda Civics

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(the "Class Vehicles") with defective air conditioning systems. The district court dismissed all claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On appeal, Appellants argue only that the district court erred in dismissing their implied warranty of merchantability claims and their fraud and consumer protection claims. We affirm.[1]

1. The district court properly dismissed the implied warranty claims, although we rest our decision on grounds that differ from the district court's. The implied warranty claims brought under the laws of California, Connecticut, Florida, Illinois, North Carolina, Oregon, and Washington fail because those states require that a buyer establish contractual privity with a manufacturer (at least, as here, where plaintiffs allege only economic loss), and Appellants have not established contractual privity.[2] *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (stating that, under California law, a plaintiff "must stand in vertical contractual privity" with a defendant to bring an implied warranty claim, and generally, "an end consumer . . . who buys from a retailer is not in privity with a manufacturer"); *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 325 (Fla. Dist. Ct. App. 2008) (Florida); *Source One Fin. Corp. v. Rd. Ready Used Cars,*

---

[1] Honda's motion for judicial notice **(ECF No. 19)** is denied because the materials included in the motion are not material to the issues raised in this appeal.

[2] Any argument that the Song-Beverly Act does not require privity is forfeited because Appellants did not raise that issue in their briefs. *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).

*Inc.*, No. CV136034341S, 2014 WL 1013121, at \*7 (Conn. Super. Ct. Feb. 14, 2014) (Connecticut); *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (Illinois); *Energy Invs. Fund, L.P. v. Metric Constructors, Inc.*, 525 S.E.2d 441, 446 (N.C. 2000) (North Carolina); *Davis v. Homasote Co.*, 574 P.2d 1116, 1117-18 (Or. 1978) (Oregon); *Babb v. Regal Marine Indus., Inc.*, 186 Wash. App. 1003, 2015 WL 786857, at \*3 (Ct. App. 2015) (Washington).

Appellants argue that California, Florida, Illinois, North Carolina, and Washington recognize a "third-party beneficiary" exception to the privity requirement (or its equivalent). But even assuming that these states recognize such an exception, Appellants' threadbare and conclusory allegations are insufficient to suggest that the exception would apply here.[3]

The implied warranty claims brought under the laws of the remaining states—Indiana, Michigan, Missouri, New Jersey, Pennsylvania, Texas, and Virginia—fail because Appellants have not pled a breach of the implied warranty

---

[3] *See, e.g.*, *Schauer v. Mandarin Gems of Cal., Inc.*, 23 Cal. Rptr. 3d 233, 239 (Ct. App. 2005) (stating that, under California law, "third party beneficiary status is a matter of contract interpretation, [so] a person seeking to enforce a contract as a third party beneficiary must plead a contract which was made expressly for his or her benefit and one in which it clearly appears that he or she was a beneficiary" (internal quotation marks and brackets omitted)); *see also Babb*, 2015 WL 786857, at \*5 (holding that, under Washington law, "a series of post-sale phone calls related to the repair of a boat that [the manufacturer] did not build specifically for [the buyer]" were not sufficient to establish that an exception the privity requirement applied).

of merchantability during the applicable warranty period. Honda's New Vehicle Limited Warranty limits the implied warranty of merchantability to the duration of the express warranty, namely the earlier of three years or 36,000 miles. By the time the Appellants were denied a free warranty repair, this period had already lapsed.[4]

Appellants argue that the defect—the poor design or manufacture of the air conditioning system—existed at the time of sale, so the implied warranty of merchantability was breached at that time, which would be within the warranty period. But Appellants cite California law for that proposition, and California's approach has been criticized for rendering "meaningless any durational limits on implied warranties." *Marchante v. Sony Corp. of Am.*, 801 F. Supp. 2d 1013, 1022 (S.D. Cal. 2011). Appellants have not cited any cases establishing that other states have followed California's approach, so they have failed to show a breach of the implied warranty during the warranty period.

---

[4] Appellant Hu did not provide the date on which he purchased his vehicle or presented his vehicle for repair, so he has not alleged sufficient facts to state a claim for breach of the implied warranty.

Honda also offered a 1-year/12,000-mile limited warranty for certified pre-owned vehicles. Neither Appellants nor Honda argue that we should analyze the certified pre-owned warranty differently from the New Vehicle Limited Warranty, so the analysis in this section applies to that warranty as well, but for a 1-year/12,000-mile period.

2. The district court properly dismissed Appellants' fraud and consumer protection claims. The district court dismissed these claims on the ground that Appellants did not adequately allege that Honda had knowledge of the defect prior to Appellants' purchase of the Class Vehicles in 2016, 2017, and 2018.[5]

To support their allegations regarding pre-sale knowledge, Appellants rely on (1) Honda's pre-sale testing of its cars, (2) consumer complaints, (3) certain service bulletins and dealer communications, and (4) the demand for air conditioning parts and Honda's internal data regarding repairs.[6] Appellants' allegations regarding pre-sale testing are too general and conclusory to support an inference of knowledge. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012).

The vast majority of consumer complaints were made after Appellants purchased the Class Vehicles, and the remaining complaints are too few in number to suggest Honda had knowledge of the defect. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1027 & n.8 (9th Cir. 2017).

---

[5] Landcastle purchased her car in 2020 after leasing it in 2016. Honda appears to assume that the relevant date for assessing pre-sale knowledge is 2016, and Appellants do not argue to the contrary.

[6] Appellants contend for the first time on appeal that some of their consumer protection claims do not require pre-sale knowledge. We decline to exercise our discretion to reach that argument because it was not raised in the district court, and, even on appeal, Appellants have failed to fully develop it. *See Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007).

Honda's technical bulletins and its communications with dealerships also fail to show pre-sale knowledge. The July 2016 article undermines Appellants' allegations because it suggests that Honda thought the air conditioning problem was caused by a different problem that would only affect a "very small quantity" of cars.[7] Appellants next point to six communications from Honda to Honda dealer service providers that suggest Honda was investigating an air conditioning problem in "certain 2017 Civics" in mid-2017. But the fact that Honda was in the early stages of investigating what could have been an isolated problem is insufficient to allege knowledge.

Finally, Appellants point to the high demand for parts related to the air conditioning system, the fact that some of the parts were placed on nationwide backorder, and Honda's access to "repair data" regarding the air conditioning systems. These allegations do not support an inference of pre-sale knowledge because they are not tethered to any specific time periods. The only specific allegation in this section is that certain parts were backordered in 2019, which is too late to establish pre-sale knowledge.

**AFFIRMED.**

---

[7] The Complaint incorporated the July 2016 article by reference. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

22-56113